## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

MACHELLE PEARSON, and
MARIA SHELDON, on behalf of
Themselves and others similarly situated,

　　　　　Plaintiffs,

v.

MICHIGAN DEPARTMENT
OF CORRECTIONS, *et al.*

　　　　　Defendants,

Case No.: 2:19-cv-10707
District Judge: Victoria A. Roberts
Magistrate Judge: Elizabeth A. Stafford

---

ERNST & MARKO LAW, PLC
Jonathon R. Marko
Attorney for Plaintiffs
645 Griswold Street, Ste. 4100
(313) 965-5555
Detroit, MI 48226
jon@ernstmarkolaw.com

CHAPMAN LAW GROUP
Ronald W. Chapman Sr., M.P.A.,
LL.M. (P37603)
Wedad Ibrahim (P81970)
Attorneys for Corizon Health, Inc.
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
wibrahim@chapmanlawgroup.com

---

### DEFENDANT CORIZON HEALTH, INC.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

NOW COMES Defendant CORIZON HEALTH, INC., by and through its attorneys, CHAPMAN LAW GROUP, and for its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), state as follows:

1.　　Plaintiffs Machelle Pearson and Maria Sheldon, ("Plaintiffs") filed their original Complaint in this matter on March 8, 2019. (**Doc No. 1**).

2.      Plaintiff Machelle Pearson is no longer incarcerated at Women's' Huron Valley Correctional Facility and was paroled on August 28, 2018.[1]

3.      Plaintiff Maria Sheldon is no longer incarcerated at Women's' Huron Valley Correctional Facility and was paroled on February 21, 2019.[2]

4.      Plaintiffs filed their First Amended Complaint in this matter on March 26, 2019. (**Doc No. 9**).

5.      Plaintiffs served their original Complaint and First Amended Complaint on March 29, 2019.

6.      Plaintiffs allege that Corizon is liable under 42 U.S.C. § 1983 for maintaining unconstitutional policies, customs, and practices in violation of their Eight and Fourteenth Amendment rights. (**Pg ID 72-76**).

7.      Throughout the Complaint, Plaintiffs allege that their Eighth and Fourteenth Amendment rights were violated when they were not provided medical treatment for their medical condition, scabies. (**Pg ID 49-82**).

8.      Specifically, Plaintiffs bring one count against all Defendants in this action: Violations of the Eighth and Fourteenth Amendments to the U.S. Constitution. (**Pg ID 72-76**).

---

[1] https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=176620 MDOC OTIS lookup as accessed on April 11, 2019.
[2] https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=431817 MDOC OTIS lookup as accessed on April 11, 2019.

9.     Plaintiffs' Eighth and Fourteenth Amendment claims against Corizon are insufficient, as they fail to state an unconstitutional policy, practice, and custom. Plaintiffs are required to <u>identify</u> and <u>connect</u> the allegedly unconstitutional policy to Corizon and demonstrate a <u>pattern</u>. *Connick v. Thompson*, 131 S. Ct. 1350 (2011); *Thomas v. City of Chattanooga*, 398 F.3d 426, 432-433 (6th Cir. 2005).

10.     Plaintiffs' claims against Corizon must be dismissed because they do not contain sufficient factual matter to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

11.     Further, Plaintiffs' claims for injunctive relief must also be dismissed since all injunctive relief factors weigh against Plaintiffs:

     a.   Plaintiffs have a limited likelihood of success on the merits of their claims.

     b.   Plaintiffs are both no longer incarcerated and cannot be subject to any alleged irreparable harm by Corizon.

     c.   Plaintiffs cannot prove that there is no adequate remedy at law for their alleged claims.

     d.   There is no certified class in this matter.

e.  Plaintiffs' request would require the Court to unnecessarily impede in the daily operations of the MDOC Women's Huron Valley Correctional Facility.

f.  Plaintiffs' request for injunctive relief would be against the interests of the public.

12.    For the reasons stated more fully in the accompanying Brief in Support, this Court should grant dismissal in favor of Corizon.

13.    In an effort to seek concurrence, Corizon's Counsel contacted Plaintiffs' Counsel via correspondence on April 8, 2019, but concurrence could not be obtained.

WHEREFORE, Defendant CORIZON HEALTH, INC., respectfully requests that this Honorable Court grant its Motion to Dismiss; and grant any and all relief as the Court deems just and equitable.

Respectfully submitted,

CHAPMAN LAW GROUP

Dated: April 11, 2019

/s/Ronald W. Chapman Sr.
Ronald W. Chapman Sr., M.P.A.,
LL.M. (P37603)
Wedad Ibrahim (P81970)
Attorneys for Corizon Health, Inc.
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
wibrahim@chapmanlawgroup.com

4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

MACHELLE PEARSON, and
MARIA SHELDON, on behalf of
Themselves and others similarly situated,

Case No.: 2:19-cv-10707

Plaintiffs,

District Judge: Victoria A. Roberts
Magistrate Judge: Elizabeth A. Stafford

v.

MICHIGAN DEPARTMENT
OF CORRECTIONS, *et al*.

Defendants,

| | |
|---|---|
| ERNST & MARKO LAW, PLC | CHAPMAN LAW GROUP |
| Jonathon R. Marko | Ronald W. Chapman Sr., M.P.A., |
| Attorney for Plaintiffs | LL.M. (P37603) |
| 645 Griswold Street, Ste. 4100 | Wedad Ibrahim (P81970) |
| (313) 965-5555 | Attorneys for Corizon Health, Inc. |
| Detroit, MI 48226 | 1441 West Long Lake Rd., Suite 310 |
| jon@ernstmarkolaw.com | Troy, MI 48098 |
| | (248) 644-6326 |
| | rchapman@chapmanlawgroup.com |
| | wibrahim@chapmanlawgroup.com |

## BRIEF IN SUPPORT OF DEFENDANT CORIZON HEALTH, INC.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

## PROOF OF SERVICE

## <u>TABLE OF CONTENTS</u>

INDEX OF AUTHORITIES..................................................................... iii

INDEX OF EXHIBITS ............................................................................v

STATEMENT OF ISSUES PRESENTED............................................. vi

CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT ....... vii

STATEMENT OF FACTS .......................................................................1

LEGAL STANDARD...............................................................................2

LEGAL ARGUMENT ..............................................................................3

A. Plaintiff Fails to State A Deliberate Indifference Claim Against Corizon Health, Inc. under both the Eighth and Fourteenth Amendment.........................................4

B. Plaintiff's Claim for Injunctive Relief Must be Dismissed .................................7

CONCLUSION AND RELIEF REQUESTED ......................................................10

# <u>INDEX OF AUTHORITIES</u>

<u>CASES</u>                                                                                    <u>PAGE</u>

*Adkins v. Rodriguez*, 59 F.3d 1034, 1037 (10th Cir.1995) .......................................7

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009)...................................................2, 5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)................................. 2, 3, 4, 5

*Connick v. Thompson*, 131 S. Ct. 1350 (2011) ........................................................4

*Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987)...................................3

*Dodson v. Wilkinson*, 304 Fed. Appx. 434, 438 (6th Cir.2008) ...............................7

*Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) ..........................3

*Glover v. Johnson*, 855 F.2d 277, 287 (6th Cir. 1988) .............................................9

*Graham v. Connor*, 490 U.S. 386, 394 (1989) ........................................................7

*Harris v. Wilter*, 596 F.2d 678, 680 (5th Cir. 1979)................................................9

*Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005)..........................................3, 8

*Jones v. North Carolina Prisoners' Union*, 433 U.S. 119 (1977)............................9

*Kendrick v. Bland*, 740 F.2d 432, 438 n.3 (6th Cir. 1984) ......................................9

*Ketron v. Chattanooga-Hamilton County Hosp. Authority*, 919 F.Supp. 280, 284-
   285 (E.D. Tenn. 1996)...................................................................................6

*Monell v. Dep't of Soc. Servs. Of N.Y.*, 436 U.S. 658, 694 (1978)........................3, 8

*Pittman v. Hutto*, 594 F.2d 407, 412 (4th Cir. 1979)...............................................9

*Rouster v. County of Saginaw*, 749 F.3d 437, 453 (6th Cir. 2014) ..........................3

*Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012)...............................................3

*Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).............................3

*Thomas v. City of Chattanooga*, 398 F.3d 426, 432-433 (6th Cir. 2005).................4

*Ward v. Corizon Health, Inc*, No. 15-CV-11902, 2016 WL 4224973, at *7 (E.D. Mich. July 12, 2016) ..................................................................................5

*Wedgewood L.P. I v. Twp. of Liberty*, 610 F.3d 340, 349 (6th Cir. 2010) ...............8

<u>**R**</u>**ULES**                                                                          <u>**P**</u>**AGE**

Fed. R. Civ. P. 8(a)(2) ..................................................................................5

Fed. R. Civ. P. 8(d)(1) ..................................................................................4

## <u>INDEX OF EXHIBITS</u>

There are no exhibits included with this Brief.

## <u>STATEMENT OF ISSUES PRESENTED</u>

SHOULD THE COURT DISMISS PLAINTIFFS'
DELIBERATE INDIFFERENCE CLAIMS (COUNT I)
AGAINST CORIZON HEALTH, INC., PURSUANT TO
FED. R. CIV. P. 12(B)(6), BECAUSE THEY FAIL TO
STATE A CLAIM AS A MATTER OF LAW?

Defendant Answers:                                          YES.
Plaintiffs Answer:                                            NO.

## **CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT**

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the Complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

A court may decide a motion to dismiss on the basis of the pleadings alone. *Song v. City of Elyria, Ohio*, 985 F.2d 840, 842 (6th Cir. 1993). In considering such a motion, the Court need not accept plaintiff's legal conclusions or "unwarranted factual inferences." *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998).

To state a claim under § 1983, "a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006)

## I.   <u>STATEMENT OF FACTS</u>

Plaintiffs Machelle Pearson and Maria Sheldon, ("Plaintiffs") filed their original Complaint in this matter on March 8, 2019. (**Doc No. 1**). Plaintiff Machelle Pearson is no longer incarcerated at Women's Huron Valley Correctional Facility and was paroled on August 28, 2018.[3] Plaintiff Maria Sheldon is no longer incarcerated at Women's Huron Valley Correctional Facility and was paroled on February 21, 2019.[4] Plaintiffs filed their First Amended Complaint in this matter on March 26, 2019. (**Doc No. 9**) Plaintiffs served their original Complaint and First Amended Complaint on March 29, 2019. Plaintiffs allege that Corizon is liable under 42 U.S.C. § 1983 for maintaining unconstitutional policies, customs, and practices in violation of their Eight and Fourteenth Amendment rights. (**Pg ID 72-76**) Throughout the Complaint, Plaintiffs allege that their Eighth and Fourteenth Amendment rights were violated when they were not provided medical treatment for their medical condition, scabies. (**Pg ID 49-82**). Specifically, Plaintiffs bring one count against all Defendants in this action: Violations of the Eighth and Fourteenth Amendments to the U.S. Constitution. (**Pg ID 72-76**)

---

[3] https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=176620 MDOC OTIS lookup as accessed on April 11, 2019.
[4] https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=431817 MDOC OTIS lookup as accessed on April 11, 2019.

## II.   <u>LEGAL STANDARD</u>

Fed. R. Civ. P. 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009). Instead, factual enhancement is required to "nudge[] the[] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant" is responsible for the alleged conduct. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1950 (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). "[A] complaint plead[ing] facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*.

While Plaintiffs are not required to make "detailed factual allegations[]" to survive a Fed. R. Civ. P. 12(b)(6) motion, the pleading requirements imposed by Fed. R. Civ. P. 8 "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Although Plaintiffs generally allege that Corizon engaged in "unconstitutional acts and omissions" throughout the Complaint, these "naked assertions devoid of further factual enhancement" preclude this Court from inferring that they were responsible for violating Plaintiffs' civil rights. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). (internal quotation marks omitted). "Threadbare recitals

of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Twombly*, 550 U.S. at 555. This Court should grant Corizon's Motion to Dismiss.

### III.   <u>LEGAL ARGUMENT</u>

Corizon Health, Inc., a private corporation providing health care services to prison inmates, cannot be held liable under § 1983 on the basis of *respondeat superior* or vicarious liability. *Rouster v. County of Saginaw*, 749 F.3d 437, 453 (6th Cir. 2014); *Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). A private contractor is liable under § 1983 only when execution of the private contractor's <u>policy or custom</u> inflicts the alleged injury. *Monell v. Dep't of Soc. Servs. Of N.Y.*, 436 U.S. 658, 694 (1978); *Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005).

To state a claim of deliberate indifference against Corizon, Plaintiffs must plead specific facts proximately linking an unconstitutional policy, practice, and custom of Corizon to a specific injury, *i.e.*, "to satisfy the *Monell* requirements a plaintiff must 'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), cert. denied, U.S., 114 S. Ct. 1219, 127 L.Ed.2d 565 (1994). *See also, Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005).

(liability only when policy caused the plaintiff's injury and a direct causal link existed between the policy and the purported denial of the right to adequate medical care). It is insufficient for Plaintiffs to make allegations that Corizon has or had some non-specific unconstitutional policy, practice, and custom. Plaintiffs are required to identify and connect the allegedly unconstitutional policy to Corizon and demonstrate a pattern. *Connick v. Thompson*, 131 S. Ct. 1350 (2011); *Thomas v. City of Chattanooga*, 398 F.3d 426, 432-433 (6th Cir. 2005).

### A. **Plaintiffs Fail to State A Deliberate Indifference Claim Against Corizon Health, Inc. under both the Eighth and Fourteenth Amendment.**

Plaintiffs have not sufficiently alleged that Corizon was deliberately indifferent in any fashion, much less that there was a Corizon policy, practice, and custom proximately causing the injury. As a general matter, Plaintiffs fail to even specifically identify Corizon as a Defendant that committed a violation in any of their allegations. Rather, Plaintiffs' pleadings generalize all allegations against "Defendants," which is insufficient under Fed. R. Civ. P. 8 pleading standards. Fed. R. Civ. P. 8(d)(1) requires that each allegation must be simple, concise, and direct. Plaintiffs have clearly failed on that mark by failing to direct any of their allegations at Corizon specifically. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *Twombley*, 550 U.S. 555; Fed.

R. Civ. P. 8(a)(2). Further, Plaintiffs' Complaint fails to cite any specific policies or procedures which allegedly violated Plaintiffs' civil rights. The only allegation in Plaintiffs' <u>entire complaint</u> that discusses the subject of a policy, practice, and custom is as follows:

> "[d]espite continuous complaints over approximately two years, Defendants maintained a policy, custom and practice of utterly failing to remedy their gross failures and ignoring, denying, and then deflecting responsibility for the conditions at HVCF causing deprivation of Plaintiffs' constitutional rights."

(**Pg ID 63 ¶ 69**). This statement does not survive Fed. R. Civ. P. 8 pleading requirements for various reasons: 1. It fails to identify which Defendant. 2. It fails to provide any factual basis for the allegation that there were "continuous complaints" 3. It fails to indicate why the unspecific policy, practice, and custom is unconstitutional, and 4. It provides no underlying allegations to support the claim that Plaintiffs' requests for medical attention were ignored and that said refusal proximately caused an injury. Pleading requirements "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Plaintiffs plead absolutely no factual detail regarding the alleged unconstitutional policy, what the alleged policy mandated or prohibited, what the alleged policy applied to, who allegedly executed the alleged policy, or how the alleged policy was executed relative to Plaintiffs. *Ward v. Corizon Health, Inc*, No. 15-CV-11902, 2016 WL 4224973, at *7 (E.D. Mich. July 12, 2016),

report and recommendation adopted sub nom. *Ward v. Health*, No. 15-CV-11902,

2016 WL 4191730 (E.D. Mich. Aug. 9, 2016) Moreover, *Ketron v. Chattanooga-*

*Hamilton County Hosp. Authority*, 919 F.Supp. 280, 284-285 (E.D. Tenn. 1996)

explains that it is not sufficient to plead a violation "pursuant to policy, practice, and

custom" without specific facts supporting the claimed violation:

> "To successfully state a claim under 42 U.S.C. §1983, a
> plaintiff must identify a right secured by the United States
> Constitution and the deprivation of that right by a person
> acting under color of law." *Adams v. Metiva*, 31 F.3d 375,
> 386 (6th Cir.1994) (citation omitted). A governmental
> entity may be held liable under section 1983 if the
> governmental entity itself caused the constitutional
> deprivation...
>
> However, the doctrine of respondeat superior does not
> apply to governmental entities. *See Monell*, 436 U.S. at
> 691-95, 98 S.Ct. at 2036-38; *Searcy*, 38 F.3d at 286
> (noting that city not liable for injury inflicted solely by
> employees or agents); *Copeland v. Machulis*, 57 F.3d 476,
> 481 (6th Cir.1995). "It is only when the 'execution of the
> government's policy or custom ... inflicts the injury' that
> the municipality may be held liable under §1983."...

Plaintiffs have not pled a specific violation "pursuant to policy, practice, and

custom" against Corizon. Even if Plaintiffs were to respond by identifying some

policy of Corizon which they believe violated their rights, it is insufficient for

Plaintiffs to make allegations that Corizon has an unconstitutional policy, practice

and custom. Plaintiffs are required to connect those unconstitutional policies that

proximately caused the alleged injury to Corizon and demonstrate a pattern.

6

Plaintiffs have not and cannot do that. Accordingly, Plaintiffs have not stated a valid claim against Corizon under the Eighth Amendment, because Plaintiffs have failed to identify any unconstitutional Corizon policy which Plaintiffs allege violated Plaintiffs' rights.

Further, Plaintiffs bring a deliberate indifference claim under the Fourteenth Amendment Due Process clause as well, which is substantively meritless. Plaintiffs' alleged claims of deliberate indifference are governed by the Eighth Amendment alone, because where a specific constitutional provision provides the source of a § 1983 plaintiff's claim, "[t]he validity of the claim must ... be judged by reference to [this] specific constitutional standard," rather than under the Due Process Clause of the Fourteenth Amendment. *Graham v. Connor*, 490 U.S. 386, 394 (1989). Plaintiffs' alleged medical care claims are specifically governed by the Eighth amendment, and thus they may not assert an independent medical care claim under the Due Process Clause. See *Dodson v. Wilkinson*, 304 Fed. Appx. 434, 438 (6th Cir.2008); *Adkins v. Rodriguez*, 59 F.3d 1034, 1037 (10th Cir.1995).

Therefore, dismissal of Plaintiffs' deliberate indifference claims under both the Eighth Amendment and Fourteenth Amendment as to Corizon are appropriate.

### B. **Plaintiffs' Claim for Injunctive Relief Must be Dismissed.**

"A party is entitled to a permanent injunction if it can establish that it suffered a constitutional violation and will suffer 'continuing irreparable injury' for which

there is no adequate remedy at law." *Wedgewood L.P. I v. Twp. of Liberty*, 610 F.3d 340, 349 (6th Cir. 2010)(citations omitted). Plaintiffs have failed to allege facts that, if true, would demonstrate that they are entitled to injunctive relief. Specifically, Plaintiffs' allegations do not demonstrate irreparable injury or demonstrate that there is no adequate remedy at law. Both Plaintiffs are no longer incarcerated at Women's Huron Valley Correctional Facility and therefore cannot possibly be subject to any alleged irreparable harm by Corizon.

Moreover, injunctive relief is inappropriate to address an inmate grievance against a private contractor of health care. Plaintiffs' request for an injunction against Corizon are misplaced as its employees' functions are limited to treating specific medical conditions only.  As previously stated, a private contractor is liable under § 1983 only when execution of the private contractor's unconstitutional policy or custom inflicts the alleged injury. *Monell,* 436 U.S. 694;  *Johnson*, 398 F.3d 877. Plaintiffs fail to state any valid claim upon which relief can be granted against Corizon, therefore the likelihood of success on the merits is slim to none, and dismissal is appropriate. An injunction would be against the public interest because Plaintiffs are attempting to force an injunction on the medical program for the Michigan Department of Corrections, which will have a detrimental effect upon the operation of the prison, and unduly infringe upon the MDOC's right to manage the prison.

8

Furthermore, where a prison inmate seeks an order enjoining state prison officials, the court is required to proceed with caution and recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432, 438 n.3 (6th Cir. 1984); *Harris v. Wilter*, 596 F.2d 678, 680 (5th Cir. 1979). The public welfare militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *See Glover v. Johnson*, 855 F.2d 277, 287 (6th Cir. 1988). The realities of running a prison are complex and unique to the prison environment. As long as prison administrators rationally pursue a legitimate penological objective, their decisions based upon their informed discretion have been accorded wide-ranging deference by the federal courts. *See Jones v. North Carolina Prisoners' Union*, 433 U.S. 119 (1977); *Pittman v. Hutto*, 594 F.2d 407, 412 (4th Cir. 1979). Furthermore, while "[i]t is fundamental that the federal forum, as the ultimate guardian of constitutional rights, possesses the authority to rectify constitutionally infirm practices or conduct [t]his broad, equitable authority is tempered by precepts of comity and federalism." *Kendrick*, 740 F.2d at 437. The injunction requested by Plaintiffs would unnecessarily intrude into the daily operation of the institution in question. Thus, the request for an injunction against Corizon must also be dismissed.

## IV.   CONCLUSION AND RELIEF REQUESTED

WHEREFORE, Defendant CORIZON HEALTH, INC., respectfully requests

that this Honorable Court grant its Motion to Dismiss all counts against them and

deny Plaintiff's request for Injunctive Relief; and grant any and all relief as the Court

deems just and equitable.

Respectfully submitted,
CHAPMAN LAW GROUP

Dated: April 11, 2019                    /s/Ronald W. Chapman Sr.
                                         Ronald W. Chapman Sr., M.P.A.,
                                         LL.M. (P37603)
                                         Wedad Ibrahim (P81970)
                                         Attorneys for Corizon Health, Inc.
                                         1441 West Long Lake Rd., Suite 310
                                         Troy, MI 48098
                                         (248) 644-6326
                                         rchapman@chapmanlawgroup.com
                                         wibrahim@chapmanlawgroup.com

## PROOF OF SERVICE

I hereby certify that on April 11, 2019, I presented the
foregoing paper to the Clerk of the Court for filing and
uploading to the ECF system, which will send notification
of such filing to the attorneys of record listed herein and I
hereby certify that I have mailed by US Postal Service the
document to the involved non-participants.

                                         /s/Ronald W. Chapman Sr.
                                         Ronald W. Chapman Sr., M.P.A.,
                                         LL.M. (P37603)
                                         1441 West Long Lake Rd., Suite 310
                                         Troy, MI 48098
                                         (248) 644-6326
                                         rchapman@chapmanlawgroup.com

10