# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MACHELLE PEARSON, *et al.*, on )
behalf of themselves and others )
similarly situated, )
)
     Plaintiffs, ) Case No. 2:19-cv-10707 VAR-EAS
) District Judge Victoria A. Roberts
  v. ) Mag. Judge Elizabeth A. Stafford
)
MICHIGAN DEPARTMENT OF )
CORRECTIONS, *et al.*, )
)
     Defendants. )
)

<table>
<tr><td>

**ERNST & MARKO LAW, PLC**
Jonathan R. Marko (P72450)
645 Griswold Street, Ste. 4100
Detroit, MI 48226
P: (313) 965-5555
jon@ernstmarkolaw.com

**NICHOLS KASTER, PLLP**
Matt H. Morgan (MN304657)
Rebekah L. Bailey (MN0387013)
80 South Eight Street, Suite 4600
Minneapolis, MN 55402
P: (612) 256-3200
morgan@nka.com

**PITT MCGEHEE PALMER & RIVERS PC**
Cary S. McGehee (P42318)
Beth M. Rivers (P33614)
Channing Robinson-Holmes (P81698)
117 W. 4th Street, Suite 200
Royal Oak, MI 48067
P: (248) 398-9800
cmcgehee@pittlawpc.com

</td><td>

**MI DEP'T OF ATTORNEY GEN.**
Scott A. Mertens (P60069)
Neil Giovanatti (P82305)
Tracey Van den Bergh (P70066)
Mich. Dep't of Attorney General
P.O. Box 30736
Lansing, MI 48909
P: (517) 335-3055
mertensS@michigan.gov

***Attorneys for Defendant MDOC,***
***Washington, Brewer, Marlan,***
***McKee, Rapelje, Gulick, Sherry,***
***Johnson, and Ousterhout***

**CHAPMAN LAW GROUP**
Ronald W. Chapman, Sr. (P37603)
Wedad Ibrahim (P81970)
1441 West Long Lake Rd, Suite 310
Troy, MI 48098
P: (248) 644-6326
rchapman@chapmanlawgroup.com
wibrahim@chapmanlawgroup.com

***Attorneys for Defendants Corizon***

</td></tr>
</table>

**LAW OFFICES OF DAVID STEINGOLD, PLLC**
David S. Steingold (P29752)
500 Griswold St, Ste 2320
Detroit, MI 48226
P: (313) 962-0000
detroitdefender@yahoo.com

*Health, Inc., and Jeffrey Bomber*

*Attorneys for Plaintiffs and the Putative Class*

## PLAINTIFFS' MOTION FOR CONSOLIDATION OF RELATED CASES AND APPOINTMENT OF INTERIM CLASS COUNSEL

Plaintiffs Machelle Pearson, Maria Sheldon, and Keshuna Abcumby, on behalf of themselves and the putative class of similarly situated individuals hereby move, by and through their counsel of record, for the consolidation of their case with the later filed *Smith v. Michigan Department of Corrections*, No. 2:19-cv-10771 (E.D. Mich.), and appointment of their undersigned counsel as interim class counsel pursuant to Federal Rule of Civil Procedure 23(g)(3), and 42(a). Specifically, Plaintiffs request that the Court appoint Nichols Kaster, PLLP, Ernst & Marko Law, PLC, and Pitt McGehee Palmer & Rivers, PC, as co-lead class counsel for the interim putative classes. For the reasons provided herewith in Plaintiffs' accompanying memorandum, the Court should grant Plaintiffs' Motion in its entirety.

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

MACHELLE PEARSON, *et al.*, on )
behalf of themselves and others )
similarly situated, )
                                    )
            Plaintiffs, )
     v. )
                                      )
MICHIGAN DEPARTMENT OF )
CORRECTIONS, *et al.*, )
                                    )
            Defendants. )
                                    )

Case No. 2:19-cv-10707 VAR-EAS
District Judge Victoria A. Roberts
Mag. Judge Elizabeth A. Stafford

---

**ERNST & MARKO LAW, PLC**
Jonathan R. Marko (P72450)
645 Griswold Street, Ste. 4100
Detroit, MI  48226
P: (313) 965-5555
jon@ernstmarkolaw.com

**NICHOLS KASTER, PLLP**
Matt H. Morgan (MN304657)
Rebekah L. Bailey (MN0387013)
80 South Eight Street, Suite 4600
Minneapolis, MN  55402
P: (612) 256-3200
morgan@nka.com

**PITT MCGEHEE PALMER & RIVERS PC**
Cary S. McGehee (P42318)
Beth M. Rivers (P33614)
Channing Robinson-Holmes (P81698)
117 W. 4th Street, Suite 200
Royal Oak, MI  48067
P: (248) 398-9800

**MI DEP'T OF ATTORNEY GEN.**
Scott A. Mertens (P60069)
Neil Giovanatti (P82305)
Tracey Van den Bergh (P70066)
Mich. Dep't of Attorney General
P.O. Box 30736
Lansing, MI  48909
P: (517) 335-3055
mertensS@michigan.gov

*Attorneys for Defendant MDOC, Washington, Brewer, Marlan, McKee, Rapelje, Gulick, Sherry, Johnson, and Ousterhout*

**CHAPMAN LAW GROUP**
Ronald W. Chapman, Sr. (P37603)
Wedad Ibrahim (P81970)
1441 West Long Lake Rd, Suite 310
Troy, MI  48098
P: (248) 644-6326
rchapman@chapmanlawgroup.com
wibrahim@chapmanlawgroup.com

*Attorneys for Defendants Corizon*

---

cmcgehee@pittlawpc.com                    *Health, Inc., and Jeffrey Bomber*

**LAW OFFICES OF DAVID
STEINGOLD, PLLC**
David S. Steingold (P29752)
500 Griswold St, Ste 2320
Detroit, MI  48226
P: (313) 962-0000
detroitdefender@yahoo.com

*Attorneys for Plaintiffs and the
Putative Class*

---

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR
CONSOLIDATION OF RELATED CASES AND APPOINTMENT OF
INTERIM CLASS COUNSEL**

# **TABLE OF CONTENTS**

TABLE OF CONTENTS.............................................................................. iii

TABLE OF AUTHORITIES ....................................................................... iv

STATEMENT OF THE ISSUES.................................................................. vi

CONTROLLING/APPROPRIATE AUTHORITY.................................... vii

INTRODUCTION ...........................................................................................1

FACTUAL BACKGROUND ..........................................................................2

LEGAL ARGUMENT .....................................................................................6

I)   THE COURT SHOULD CONSOLIDATE *PEARSON* AND *SMITH*. ..............6

   A)  Consolidation Is Appropriate. ................................................7

   B)  The Court Should Grant Leave to File a Consolidated Complaint. ........10

II)  THE COURT SHOULD APPOINT THE FIRMS AS INTERIM CO-LEAD CLASS COUNSEL. ....................................................................................10

   A)  Nichols Kaster Is Qualified and Suitable to Serve as Interim Class Counsel. .................................................................................12

   B)  Ernst & Marko Is Qualified and Suitable to Serve as Interim Class Counsel. .................................................................................16

   C)  Pitt McGehee Is Qualified and Suitable to Serve as Interim Class Counsel. .................................................................................17

CONCLUSION ..............................................................................................19

CERTIFICATE OF SERVICE ........................................................................1

# TABLE OF AUTHORITIES

## CASES

*Advey v. Celotex, Corp.,* 962 F.2d 1177 (6th Cir.1992) .............................................6

*Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785 (6th Cir. 2016) .................................................................................13

*Cahoo v. SAS Analytics Inc.*, 912 F.3d 887 (6th Cir. 2019) ....................................17

*Cantrell v. GAF Corp.*, 999 F.2d 1007 (6th Cir. 1993) .................................. vii, 6–7

*Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535 (6th Cir. 2007) ...................................................................13

*Hart v. RCI Hospitality Holdings, Inc.*, No. 09-Civ.-3043, 2015 WL 5577713 (S.D.N.Y. Sept. 22, 2015) ....................................................14

*Hendrix v. Raybestos–Manhattan, Inc.*, 776 F.2d 1492 (11th Cir.1985) .................6

*Hester v. Dep't of Corr.*, Nos. 314572, 315553, 2014 Mich. App. LEXIS 1038 (Ct. App. June 5, 2014) ..................................................16

*In re Cannonsburg Envt'l Assocs., Ltd.*, 72 F.3d 1260 (6th Cir. 1996)....................7

*In re Packaged Ice Litig.*, No. 08-MD-01952, 2009 WL 1518428 (E.D. Mich. June 1, 2009) ....................................................... vii, 12

*Johnson v. Fujitsu Tech. & Bus. of Am., Inc.*, No. 5:16-cv-03698 (N.D. Cal., May 11, 2018) ....................................................14

*Karl v. Uptown Drink, LLC*, No. 27-CV-10-1926 (Minn. Dist. Ct. Nov. 17, 2010) .................................................................14

*Singleton v. Domino's Pizza, LLC*, 976 F. Supp. 2d 665 (D. Md. 2013) ...............14

*Tate v. Booker*, No. 2:06-CV-13156, 2007 WL 3038026 (E.D. Mich. Oct. 18, 2007) .................................................................6

*White v. Baxter Healthcare Corp.*, No. 05-71201, 2008 WL 5273661 (E.D. Mich. Dec. 17, 2008)....................................................7

iv

*Woods v. Club Cabaret, Inc.*, No. 1:15-cv-01213, 2017 WL 4054523
 (C.D. Ill. May 17, 2017) .....................................................................14

*Woods v. Dep't of Corr.*, No. 333825, 2018 Mich. App. LEXIS 1099
 (Ct. App. Apr. 3, 2018).......................................................................16

COURT RULES

Federal Rule of Civil Procedure 23 .................................................*passim*

Federal Rule of Civil Procedure 42 .................................................*passim*

SECONDARY AUTHORITIES

9A Wright & Miller, *Federal Practice & Procedure* (3d ed.) ...........................7, 10

*Manual for Complex Litigation* (4th ed. 2004).................................................10–11

## <u>STATEMENT OF THE ISSUES</u>

Plaintiffs' Motion presents the following questions to the Court:

1. Should the Court consolidate the above-captioned action with the subsequently filed *Smith v. Michigan Department of Corrections*, No. 2:19-cv-10771 (E.D. Mich.), and if so, should the Court grant Plaintiffs leave to file a consolidated complaint?

2. Should the Court appoint the law firms Nichols Kaster, PLLP, Ernst & Marko Law, PLC, and Pitt McGehee Palmer & Rivers, PC as interim co-lead class counsel for the putative classes for the purpose of streamlining pre-certification litigation?

Plaintiffs respectfully request the Court answer both questions in the affirmative.

## <u>CONTROLLING/APPROPRIATE AUTHORITY</u>

The consolidation analysis is governed by Rule 42(a) of the Federal Rules of Civil Procedure, and the multi-factored test adopted by the Sixth Circuit in *Cantrell v. GAF Corp.*, 999 F.2d 1007 (6th Cir. 1993).

The authority for appointing interim class counsel is provided by Rule 23(g)(3) with further guidance provided in the 2003 advisory committee notes to the Federal Rules of Civil Procedure.  The multi-factored test employed by this District for the appointment of interim class counsel can be found in *in re Packaged Ice Litig.*, No. 08-MD-01952, 2009 WL 1518428 (E.D. Mich. June 1, 2009).

## **INTRODUCTION**

Hundreds of women have been exposed to and infected by a rampant scabies outbreak at the Huron Valley Correctional Facility ("WHV") in Ypsilanti, Michigan. The above-captioned Defendants have denied these women proper medical treatment and have failed to effectively eradicate or contain the infestation for over two years, causing impacted women pain, suffering, permanent scarring and disfigurement, mental anguish, and emotional distress.

In response, Plaintiffs Machelle Pearson, Maria Sheldon, and Keshuna Abcumby ("Plaintiffs")—current and former inmates at WHV—brought suit to challenge the actions and inactions of the State of Michigan, its employees, and its contractors and their employees relating to this outbreak.  Since the initiation of Plaintiffs' action ("the *Pearson* action"), another lawsuit has been filed in federal court by another former inmate with overlapping claims against overlapping defendants, complaining about the same unlawful acts relating to the scabies infestation ("the *Smith* action").  Additional litigation is likely to follow by yet still more inmates.

"Pile on" litigation is cumbersome and inefficient, and it runs the risk of producing inconsistent results.  For this reason, Plaintiffs now move, on behalf of themselves and the putative classes of similarly situated individuals, pursuant to Federal Rule of Civil Procedure 23(g)(3) and 42(a), for consolidation of related cases

and for the appointment of their undersigned counsel as interim co-lead class counsel to promote the efficient and orderly prosecution of these claims.

Specifically, Plaintiffs request that the Court appoint Nichols Kaster, PLLP ("Nichols Kaster"), Ernst & Marko Law, PLC ("Ernst & Marko"), and Pitt McGehee Palmer & Rivers, PC ("Pitt McGehee") to serve as interim co-lead class counsel (collectively "the Firms").  The designated Firms are qualified, and the appointment of these Firms as interim co-lead class counsel will serve to protect the interest of putative class members precertification, promote judicial efficiencies, and organize the litigation as current and former inmates and detainees continue to assert related claims.  Accordingly, Plaintiffs respectfully request that the Court grant their Motion in its entirety.

## FACTUAL BACKGROUND

Plaintiffs Pearson and Sheldon, represented by Ernst & Marko and Nichols Kaster, filed the above-captioned *Pearson* action on March 6, 2019, (ECF No. 1), and subsequently amended twice, adding Plaintiff Abcumby as an additional named Plaintiff[1] in the Second Amended Complaint on May 3, 2019, (Pls.' 2d Am. Compl., ECF No. 26).  In their operative complaint, Plaintiffs allege that, while incarcerated at WHV—a filthy, overcrowded, and neglected correctional facility for women—

---

[1] The addition of Abcumby, who is currently incarcerated, as a named Plaintiff in part addresses Defendant Corizon's challenge to Plaintiffs' injunctive relief class in its motion to dismiss.  (Corizon's Mot. to Dismiss Br. 7–9, ECF No. 11.)

they and other female inmates/detainees contracted *sarcoptes scabiei* ("scabies"). (*Id.* ¶¶ 1–4.) These women's pleas for help were oft ignored, and instead Defendants denied them of adequate medical care. (*Id.* ¶ 3.) Once Defendants were forced to acknowledge the infestation, they failed to follow proper scabies protocol, exasperating the problem. (*Id.* ¶¶ 96, 106.) Defendants allowed scabies to spread and re-infest multiple units at the facility for more than two years, and Defendants released and transferred women who were exhibiting symptoms. (*Id.* ¶ 115.) As a result of Defendants' deliberate indifference, women suffered agonizing pain from scabies and the resulting extreme itching, which in turn lead to open, infected sores, permanent scarring and discoloration, lost finger/toe nails, and deteriorated mental health, and emotional distress. (*Id.* ¶¶ 104, 132–33, 137, 154, 163.) Plaintiffs allege violations of 42 U.S.C. § 1983, deprivation of their rights under the Eighth and Fourteenth Amendments to the U.S. Constitution.

In bringing these claims, Plaintiffs seek to represent the following classes:

**<u>Current and Former Inmate Class</u>**

All current and former detainees and inmates in WHV who, while incarcerated at WHV, had a skin rash consistent with a scabies infestation and who were denied treatment, or whose delayed treatment caused the condition to worsen, since November 2016.

**<u>Injunctive Relief Class</u>**

All detainees and inmates of WHV who were incarcerated . . . at WHV since November 2016.

(*Id.* ¶¶ 166–67.)

On March 15, 2019, after the filing of the complaint, Pitt McGehee, together with the Law Offices of David S. Steingold, PLLC ("Steingold"), informed Plaintiffs that they too represented more than 100 current and former inmates/detainees at WHV, that they were extensively investigating their claims, and it was also preparing to file an action relating to the scabies infestation at WHV.  (McGehee Decl. ¶¶ 20–21.)  The Firms conferred and amicably consolidated their efforts into this existing *Pearson* action, noticing Pitt McGehee and later Steingold as counsel of record and amending the complaint, foregoing the filing of a separate, identical action.  (*Id.* ¶ 22.)

On March 14, 2019, Rebecca Smith, represented by the Law Office of Daniel Randazzo, filed another lawsuit in the U.S. District Court for the Eastern District of Michigan against the Michigan Department of Corrections, Heidi Washington, Shawn Brewer, and Corizon Health, Inc., for violations of Smith's constitutional rights pursuant to 42 U.S.C. § 1983, failure to provide due process, and failure to train on behalf of herself and the following putative class:

> [A]ll female inmates exposed to and infested with scabies, who are, who have been, or who in the future may become, housed at the Defendant's facility in Washtenaw County, MI; specifically, the Gladwin unit.[2]

---

[2] Reference to those housed in the Gladwin unit make the *Smith* putative group a subset of the *Pearson* putative class, which includes all WHV units, as defined in the *Pearson* Second Amended Complaint.

*Smith v. MDOC* [hereafter *Smith*], No. 2:19-cv-10771-SJM-MKM (E.D. Mich.), Compl. ¶ 70, ECF No. 1.  The *Smith* action was originally assigned to the Honorable Judge Stephen J. Murphy, III, and on May 6, 2019, it was reassigned to the Honorable Judge Victoria A. Roberts, who presides over this *Pearson* action.  *Smith*, ECF No. 13.  In the *Smith* action, all defendants have moved to dismiss, *id.* ECF Nos. 7, 11, but the Court has not yet ruled on either motion.

While the Firms do not themselves intend to bring any further actions relating the scabies epidemic at WHV, they have been informed and are aware that other inmates/detainees have retained representation from other law firm(s) to assist them with possible claims related to the scabies outbreak at WHV.  Specifically, another law firm has informed the Firms that a related lawsuit may be imminent.  (Marko Decl. ¶ 23; McGehee Decl. ¶ 23.)  On May 8, 2019, the Court in both *Pearson* and *Smith* issued an order, halting Defendants' pending obligations to respond to either complaint and indicating the Court's intent to schedule a conference with the parties. (ECF No. 28); *Smith*, ECF No. 15.

In advance of their filing of this Motion, Plaintiffs met and conferred with Defendants.  Defendant Michigan Department of Corrections ("MDOC") and the individual Defendants employed by MDOC ("the MDOC Defendants") indicated they would join in the request for consolidation, but that they took no position on the request for interim appointment.  (Bailey Decl. ¶¶ 18–19.)  Defendant Corizon

Health, Inc. ("Corizon") and the individual Defendant employed by Corizon ("the Corizon Defendants") indicated they would oppose the Motion at this time.  (*Id.*¶ 20.)  Plaintiffs will meet and confer with Defendant Wayne State and the related individual Defendants employed by Wayne State once their counsel notices their appearance.  (*Id.*¶ 21.)

## LEGAL ARGUMENT

**I)   THE COURT SHOULD CONSOLIDATE *PEARSON* AND *SMITH*.**

Under Rule 42(a) of the Federal Rules of Civil Procedure, a court may consolidate two or more cases pending in the same district that "involve a common question of law or fact." Fed. R. Civ. P. 42(a).  The objective of consolidation is "to administer the court's business 'with expedition and economy while providing justice to the parties.'"  *Tate v. Booker*, No. 2:06-CV-13156, 2007 WL 3038026, at *1 (E.D. Mich. Oct. 18, 2007) (quoting *Advey v. Celotex, Corp.,* 962 F.2d 1177, 1181 (6th Cir.1992).  Whether consolidation of separate lawsuits is appropriate is analyzed using the following factors:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993) (quoting *Hendrix v. Raybestos–Manhattan, Inc.*, 776 F.2d 1492 (11th Cir.1985)).

Courts have "broad discretion" to order consolidation, *see in re Cannonsburg Envt'l Assocs., Ltd.*, 72 F.3d 1260, 1269 (6th Cir. 1996); 9A Wright & Miller, *Federal Practice & Procedure* § 2382 (3d ed.), and decisions to consolidate will not be overturned unless an abuse of discretion is shown, *Cantrell*, 999 F.2d at 1011; *White v. Baxter Healthcare Corp.*, No. 05-71201, 2008 WL 5273661, at *1–2 (E.D. Mich. Dec. 17, 2008).

### A)     Consolidation Is Appropriate.

The *Pearson* and *Smith* actions name many of the same defendants, assert overlapping claims, allege the same misconduct, and seek to represent the same or similar putative classes, making consolidation of these actions appropriate.

The *Pearson* Plaintiffs, as well as plaintiff Smith, are current and former inmates at WHV, who seek to represent classes of current and former WHV inmates/detainees who "had a skin rash consistent with a scabies," (Pls.' 2d Am. Compl. ¶ 166, ECF No. 26), or who were "exposed to" or "infested with" scabies, Compl. ¶ 70, *Smith*, ECB No. 1.  These putative classes as defined capture the same populations.  Moreover, the *Pearson* and the *Smith* action both bring claims against the same four Defendants: the Michigan Department of Corrections, Washington, Brewer, and Corizon.  (*Compare* Pls.' 2d Am. Compl., ECF No. 26), *with* Compl., *Smith*, ECF No. 1.  The *Pearson* action includes additional Defendants, but the claims against those persons and entities are also premised on the same factual

allegations and legal theories.  (*See* Pls.' 2d Am. Compl., ECF No. 26.)

In addition to dealing with the same parties, the factual allegations set forth in both *Pearson* and *Smith* strikingly overlap.  Both operative complaints contain at least the following similar allegations:

| The *Pearson* Action | The *Smith* Action |
|---|---|
| **The plaintiffs allege they, and members of the putative classes, were:** | |
| Exposed to scabies, (Pls.' 2d Am. Compl. ¶ 3, ECF No. 26); | Exposed to scabies, Compl. ¶ 3, *Smith*; |
| Infected with a rash that "can transform into scales blisters, bleeding, and open sores caused by scratching." (*id.* ¶ 59); | Infected with a rash that "results in scales, blisters, bleeding, and open sores caused by scratching." *id.* ¶ 18; |
| Deprived of basic healthcare, despite repeated requests, kites, complaints, and grievances, (*id.* ¶¶ 3, 6, 109–114); | Deprived of basic healthcare, despite her repeated requests, kites, complaints, and grievances, *id.* ¶¶ 1, 20–21, 25–29; |
| Blamed for the rash, pointing to methods used for cleaning clothes/cell, (*id.* ¶¶ 95, 146); | Blamed for the rash, pointing to methods used for cleaning clothes/cell, *id.* ¶¶ 22, 33; |
| Received permanent, visible scarring from the rash, (*id.* ¶¶ 5, 76); and | Received permanent, visible scarring from the rash, *id.* ¶¶ 18, 37; and |
| Suffered physically, mentally, and emotionally, (*id.* ¶¶ 5, 104, 126, 140, 163); | Suffered physically, mentally, and emotionally, *id.* ¶¶ 30–31. |
| **Plaintiffs allege Defendants failed to properly**: | |
| Screen for scabies, (*id.* ¶ 6); | Screen for scabies, *id.* ¶ 4; |
| Train staff to detect and address scabies, (*id.* ¶¶ 6, 96, 105); | Train staff to detect and address scabies, *id.* ¶ 35; |

| | |
|---|---|
| Respond to requests for medical attention, (*id.* ¶¶ 6, 73–74, 113, 147); | Respond to requests for medical attention, *id.* ¶¶ 4, 14; |
| Treat scabies, (*id.* ¶¶ 7, 74, 108–110, 116–19); | Treat scabies, *id.* ¶¶ 4, 38; |
| Quarantine infected women, (*id.* ¶¶ 7, 74, 150); and | Quarantine infected women, *id.* ¶¶ 4, 38; and |
| Prevent the spread and re-infestation of scabies, (*id.* ¶¶ 7, 115). | Prevent the spread and re-infestation of scabies, *id.* ¶¶ 4, 38. |

Relying on these related allegations, both the *Pearson* Plaintiffs and plaintiff Smith bring claims against their overlapping defendants under 42 U.S.C. § 1983 for violations of their constitutional rights under the Eighth and Fourteenth Amendments of the U.S. Constitution. (*Compare* Pls.' 2d Am. Compl. ¶¶ 180–96, ECF No. 171), *with* Compl. ¶¶ 46–61, *Smith*, ECF No. 1. Plaintiff Smith also brought claims for violations of her due process rights and for failure to train, but these claims too center on the same unlawful behavior at the heart of both complaints. *Smith*, Compl. ¶¶ 62–68, ECF No. 1.

The *Smith* action is essentially a replica of this *Pearson* case. Given all of these similarities, consolidation of these actions will enhance efficiency and judicial economy. Consolidation will eliminate duplicative discovery, duplicative class certification and dispositive motion briefing, and will allow the claims to be resolved in a single trial. A failure to consolidate, on the other hand, would be inefficient and burdensome on the parties and the Court, and would risk inconsistent adjudication

of similar claims.  Moreover, there is no evidence that consolidation will cause prejudice and confusion.  The MDOC Defendants consent to consolidation.  This Motion comes before the Court early before a scheduling order has been entered in either case.  Given all this, the factors weigh in favor of consolidation.[3]

### B)      The Court Should Grant Leave to File a Consolidated Complaint.

Upon consolidation, the Court should permit Plaintiffs to file a unified, consolidated complaint, which will streamline the proceedings further.   A consolidated complaint can be used to resolve the minor differences in the pleadings between the consolidated cases.  *Manual for Complex Litigation* § 21.25 (4th ed. 2004).  "A single pleading, in a single action, can then serve as the vehicle for defining the proposed class and deciding class certification."   *Id.*   Here, a consolidated complaint is appropriate to further harmonize the small distinctions between the two pleadings, allowing Defendants to respond once easily and without confusion.  For these reasons, leave to file a consolidated complaint is appropriate.

## II)     THE COURT SHOULD APPOINT THE FIRMS AS INTERIM CO-LEAD CLASS COUNSEL.

In addition to consolidating *Pearson* and *Smith*, the Court should also appoint interim lead counsel to further streamline precertification efforts.  Rule 23(g)(3) of

---

[3] Alternatively, Plaintiffs request the Court stay the *Smith* action and allow the first-to-filed *Pearson* action to proceed with plaintiff Smith included as a putative class member, and to similarly stay any subsequently filed copycat actions.  9A Wright & Miller, *Federal Practice & Procedure* § 2382 (3d ed.).

the Federal Rules of Civil Procedure permits the Court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."   Fed. R. Civ. P. 23(g)(3).   "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification . . . ."  *Manual for Complex Litigation* § 21.1 (4th ed. 2004).  The 2003 Committee Notes to Rule 23 acknowledge that appointment of interim counsel is appropriate in circumstances, such as these, where multiple, overlapping actions exist and where more may be filed.  The Committee observed:

> Before class certification . . . it will usually be important for an attorney to take action to prepare for the certification decision. The amendment to Rule 23(c)(1) recognizes that some discovery is often necessary for that determination. It also may be important to make or respond to motions before certification. Settlement may be discussed before certification. Ordinarily, such work is handled by the lawyer who filed the action. ***In some cases, however, there may be rivalry or uncertainty that makes formal designation of interim counsel appropriate***.

Fed. R. Civ. P. 23 Advisory Committee Notes (2003) (emphasis added).

Appointment of interim lead counsel is appropriate under these circumstances.  Two cases have already been filed to address the scabies outbreak at WHV with more potentially on the way.  Attorneys from four separate firms have appeared on these matters as plaintiffs' counsel to date with others indicating their interest.  The Firms in the *Pearson* action have already informally organized litigation with one another, but such efforts become exceedingly difficult with the addition of each new plaintiffs' counsel.  A formal structure will facilitate a

11

cooperative and organized prosecution of these actions.  Interim lead counsel will coordinate litigation efforts, deciding who for example will draft which briefs, attend hearings, review documents, and take depositions.  Appointment of interim counsel will also allow the attorneys to work towards one coordinated class certification strategy, minimizing duplicative work.

When determining who should serve as interim class counsel under Rule 23(g), this District considers the following factors:

> 1) the work that counsel has performed in identifying or investigating potential claims in the action; 2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; 3) counsel's knowledge of the applicable law; and 4) the resources that counsel will commit to representing the class.

*In re Packaged Ice Litig.*, No. 08-MD-01952, 2009 WL 1518428, at *1 (E.D. Mich. June 1, 2009).  Under this test, appointment of the Firms for co-lead and counsel is appropriate.

### A)    Nichols Kaster Is Qualified and Suitable to Serve as Interim Class Counsel.

Nichols Kaster is qualified for appointment in this matter.  Nichols Kaster, together with Ernst & Marko, identified and investigated the claims asserted in the *Pearson* action, interviewed dozens of putative class members, reviewed relevant documentation, and thoroughly researched their allegations and legal claims.

(Bailey Decl. ¶¶ 15–17.)  Most importantly, they filed the first[4] action of the two at issue with a well pleaded complaint.  Nichols Kaster is prepared to rigorously prosecute this case in the best interest of the putative class.

Nichols Kaster has extensive experience prosecuting class actions.  (*See* NK Firm Resume, Bailey Decl. Ex. A.)  The firm currently serves as lead or co-lead counsel in over eleven class actions in state and federal courts across the country and in even more collective actions.  (Bailey Decl. ¶ 4.)  Nichols Kaster, specifically the undersigned Matthew Morgan, has been designated by Michigan state courts as class counsel in a pending action against the State of Michigan on behalf of state troopers. *Bell v. Mich. Civil Svc. Comm'n*, No. 17-003861-CZ (Mich. Cir. Ct.).

Courts have recognized Nichols Kaster for their considerable efforts in a wide variety of class litigation, including:

> The Court has previously commended counsel for their excellent lawyering.  The point is worth reiterating here.  Nichols Kaster was energetic, effective, and creative throughout this long litigation. The Court found Nichols Kaster's briefs and arguments first-rate.  And the documents and deposition transcripts which the Court reviewed in the course of resolving motions revealed the firm's far-sighted and strategic approach to discovery . . . Further, unlike in many class actions, plaintiffs' counsel did not build their case by piggybacking on regulatory investigation or settlement . . .  The lawyers at Nichols

---

[4] "The first-to-file rule is a prudential doctrine that . . . provides that, 'when actions involving nearly identical parties and issues have been filed in two different district courts, 'the court in which the first suit was filed should *generally* proceed to judgment.'"  *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016) (quoting *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007)).

Kaster can genuinely claim to have been the authors of their clients'
success.

(NK Firm Resume at 4, Bailey Decl. Ex. A (quoting *Hart v. RCI Hospitality
Holdings, Inc.*, No. 09-Civ.-3043, 2015 WL 5577713 (S.D.N.Y. Sept. 22, 2015).)

[C]lass counsel achieved a strong result through skillful litigation and
settlement negotiation. . . . Regarding quality of representation, the
litigation and settlement appear by all measures to be the work of
skillful and experienced attorneys with significant expertise in the
ERISA context.

(*Id.* (quoting *Johnson v. Fujitsu Tech. & Bus. of Am., Inc.*, No. 5:16-cv-03698 (N.D.
Cal., May 11, 2018).)

Plaintiffs' attorneys are experienced and skilled consumer class action
litigators who achieved a favorable result for the Settlement Classes.

(*Id.* at 5 (quoting *Singleton v. Domino's Pizza, LLC*, 976 F. Supp. 2d 665 (D. Md.
2013).)

Counsel's experience in vigorously litigating class/collective wage and
hour actions, plus their experience with this industry were essential in
obtaining this favorable and efficient result.

(*Id.* at 7 (quoting *Woods v. Club Cabaret, Inc.*, No. 1:15-cv-01213, 2017 WL
4054523 (C.D. Ill. May 17, 2017).)

Plaintiff's counsel are qualified, experienced attorneys that are fully
capable of conducting this class action litigation . . . they are highly
qualified, knowledgeable attorneys that are willing to invest the
resources necessary to fully prosecute this case.

(*Id.* at 8 (quoting *Karl v. Uptown Drink, LLC*, No. 27-CV-10-1926 (Minn. Dist. Ct.
Nov. 17, 2010).)  Additional excerpts are found in in the Firm Resume at Exhibit A

14

to the Declaration of Rebekah Bailey.

The firm has a nationally recognized reputation for plaintiff-side litigation. U.S. News & World Report has continued to name Nichols Kaster as a Best Law Firm® consecutively since 2012. (*Id.* at 3.) Together the *National Law Journal* and Law.com named Nichols Kaster a top 50 firm for Elite Trial Lawyers "that are doing the most creative and substantial work on the plaintiffs side." *Introducing America's Elite Trial Lawyers,* The Nat'l Law J. (Sept. 8, 2014). Law360 has listed Nichols Kaster as a top plaintiffs' employment law firm, and *Minnesota Lawyer* has declared it one of Minnesota's top 100 firms. (*Id.*) Many of the firm's attorneys are all named Super Lawyers® or Rising Stars by *Super Lawyers* Magazine and nine have been identified by Lawdragon.com as part of the 500 leading plaintiff employment lawyers on its list of the nation's best employment lawyers. (*Id.* at 3, 24–33.) On Martindale Hubbell, the firm has a 5 out of 5 peer rating. (*Id.* at 3.)

Finally, Nichols Kaster has the resources to vigorously litigate this case. (*See generally id.*) The firm has offices in Minneapolis and San Francisco, 33 full-time attorneys, and a sizeable support staff. (*Id.*) The firm has the means to litigate multiple class actions simultaneously. The firm's resources are not merely financial, but as noted above, also include substantial expertise and work product in class litigation. Nichols Kaster is qualified to serve as interim counsel.

**B)**     **Ernst & Marko Is Qualified and Suitable to Serve as Interim Class Counsel.**

Ernst & Marko should likewise be appointed co-lead counsel.  As stated above, the firm was vital to the development of the *Pearson* litigation—the first-to-file action—and it maintains a close relationship with the named Plaintiffs.  Ernst & Marko is comprised of highly skilled litigators dedicated to civil rights litigation. The firm has achieved success litigating against the State of Michigan, specifically the Department of Corrections.  To highlight, the firm obtained a $36,630,000 verdict—the largest police misconduct verdict in Michigan history in *Jennings v. Fuller*, No. 2:2013cv13308 (E.D. Mich.).   Mr. Marko and his firmed has handled approximately 30 other cases against the MDOC alone, resulting in successful verdicts and Court of Appeals opinions.  *See, e.g.*, *Hester v. Dep't of Corr.*, Nos. 314572, 315553, 2014 Mich. App. LEXIS 1038, at *1 (Ct. App. June 5, 2014); *Woods v. Dep't of Corr.*, No. 333825, 2018 Mich. App. LEXIS 1099, at *1 (Ct. App. Apr. 3, 2018); (Marko Decl. ¶ 8.)

The undersigned Jon Marko has been named a Rising Star by *Michigan Super Lawyer* for the past eight years in a row, was appointed the chairperson for Detroit Metropolitan Bar Association's (DMBA) Civil Rights Section, was appointed to the executive board of Michigan's trial lawyers association (Michigan Association for Justice), was honored with DMBA's highest award possible, the President's Award, and has been recognized in national and local media for his civil rights work,

16

including by the New York Times, the Detroit Free Press, the Detroit News, the Washington Post, and has been invited to appear on CNN for his work and expertise.

Ernst & Marko's experience will assist the other interim class counsel in the rigorous prosecution of this matter. Moreover, Mr. Marko and his firm are currently lead counsel on the civil rights class action of *Cahoo v SAS Analytics Inc.,* a class action involving the State of Michigan's Unemployment Insurance Administration and various private actors, pending in front of Judge Lawson, No. 2:17-cv-10657. This case to date has resulted in a published Sixth Circuit Court of Appeals opinion in the clients' favor, *Cahoo v. SAS Analytics Inc.*, 912 F.3d 887, 892 (6th Cir. 2019), where Mr. Marko was on brief and his firm handled the appeal.  Ernst & Marko is qualified to serve as interim counsel.

### C) Pitt McGehee Is Qualified and Suitable to Serve as Interim Class Counsel.

Finally, Pitt McGehee should also be appointed as interim class counsel.  Pitt McGehee has already been retained by over 100 clients in relation to the scabies outbreak at WHV, and it has been rigorously investigating their claims for over six months, interviewing current and former inmates and gathering documentation. (McGehee Decl. ¶¶ 20–21.)  The firm is prepared to vigorously prosecute these claims on the class's behalf.

Pitt McGehee has considerable experience in class litigation in this District, as well as class and individual experience representing prisoners and detainees,

including those housed at WHV.  In *Neal v. MDOC*, for example, Pitt McGehee represented over 500 female prisoners who had been sexually assaulted by male prison guards.  No.96-006986CZ (Mich. Cir. Ct.) (settling for $100,000,000.00 after two bellwether trials resulted in jury verdicts of over $10 Million each).  In *Clarke v. MDOC*, Pitt McGehee represented the next of kin for a WHV inmate who committed suicide while incarcerated in the WHV. No. 2:17-CV-10528 (E.D. Mich.) (settling recently for $860,000); *see also Doe 1 v. MDOC*, No. 2:13CV14356 (E.D. Mich.); *Does v. MDOC*, No. 13-1196-CZ (Mich. Cir. Ct.); *Does v. MDOC*, No. 15-1006-CZ (Mich. Cir. Ct.) (collectively active class action litigation in state and federal court on behalf of thousands of youth who were sexually assaulted while placed in adult prisons).  Pitt McGehee also currently serves as Interim Class Action Co-Counsel Lead in the Flint Water Class Action Litigation team and is lead counsel in the Michigan Class Action UIA Fraud Case.  (McGehee Decl. ¶ 16.)

Counsel in this action Cary McGehee received the prestigious Trial Lawyer of the Year from the Public Justice Foundation in 2008, the Lawyers for the People Award by the National Lawyers Guild, and the Wade Hampton McCree Jr. Award from the Federal Bar Association in 2008 for her work in *Neal*.  She has also been listed in *Best Lawyers in America* and a top-rated attorney and named a Super Lawyer in *Michigan Super Lawyer*.  The firm receives the highest rating possible AV from Martindale-Hubbell's peer review national legal directory.

Pitt McGehee also possesses the resources necessary to litigate this action. The firm has nine attorneys, as well as staff, and the capacity to litigate several class actions simultaneously.  Finally, the firm's extensive expertise in class and prison litigation, as well as its stellar work product, will be an asset to the putative class. Pitt McGehee is qualified to serve as interim counsel.

The Firms should be appointed together as co-lead. To date, they have worked cooperatively to streamline litigation efforts in an efficient manner without court involvement, and they will continue to do so in the interim leading up to Plaintiffs' motion for class certification.  At that time, the Court may reassess class counsel leadership and structure as necessary.

## CONCLUSION

For all the reasons set forth above, the Court should consolidate this *Pearson* action with the later filed *Smith* action, granting leave for the parties to file a consolidated complaint, and it should appoint Nichols Kaster, Ernst & Marko, and Pitt McGehee as interim co-lead class counsel.


Dated: June 7, 2019                    Respectfully submitted,

                                       /s/Rebekah L. Bailey
                                       **NICHOLS KASTER, PLLP**
                                       Matthew H. Morgan (MN 304657)
                                       Rebekah L. Bailey (MN 0389599)
                                       Robert L. Schug (MN 0387013)
                                       80 South Eighth Street, Ste. 4600

Minneapolis, MN 55402
P: (612) 256-3200
F: (612) 338-4878
morgan@nka.com
bailey@nka.com
schug@nka.com

**ERNST & MARKO LAW, PLC**
Jonathan R. Marko (P72450)
645 Griswold Street, Suite 4100
Detroit, Michigan 48226
P: (313) 965-5555
F: (313) 965-5556
jon@ernstmarkolaw.com

**PITT MCGEHEE PALMER & RIVERS PC**
Cary S. McGehee (P42318)
Beth M. Rivers (P33614)
Channing Robinson-Holmes (P81698)
117 W. 4th Street, Suite 200
Royal Oak, MI 48067
P: (248) 398-9800
F: (248) 398-9804
cmcgehee@pittlawpc.com
brivers@pittlawpc.com
crobinson@pittlawpc.com

**LAW OFFICES OF DAVID STEINGOLD, PLLC**
David S. Steingold (P29752)
500 Griswold St, Ste 2320
Detroit, MI  48226
P: (313) 962-0000
F: (313) 962-0766
detroitdefender@yahoo.com

**ATTORNEYS FOR PLAINTIFFS AND THE PUTATIVE CLASSES**

20

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **June 7, 2019**, I electronically filed the foregoing paper

with the Clerk of the Court using the ECF system, will send notification of

such filing to the following counsel of record at the identified email addresses:

| | |
|---|---|
| Scott A. Mertens | smertens@mlclawfirm.com, albrol@michigan.gov, mertenss@michigan.gov, parrishs@michigan.gov, richardsm1@michigan.gov; |
| Neil Anthony Giovanatti: | GiovanattiN@michigan.gov, bartonb2@michigan.gov, ToddW1@michigan.gov; |
| Tracy E. Van den Bergh | Vandenberght@michigan.gov, parrishs@michigan.gov, toddw1@michigan.gov; |
| Ronald W. Chapman: | rchapman@chapmanlawgroup.com, cvanthomme@chapmanlawgroup.com, ebarko@chapmanlawgroup.com, esmith@chapmanlawgroup.com, mkairis@chapmanlawgroup.com; |
| Wedad Ibrahim: | wibrahim@chapmanlawgroup.com, ebarko@chapmanlawgroup.com. |

Dated: June 7, 2019                     /s/Rebekah L. Bailey

                                        Rebekah L. Bailey