UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLE PEARSON, MARIA
SHELDON, and RACHELL
GARWOOD,

     Plaintiffs,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, SHAWN BREWER,
HEIDI WASHINGTON, CORIZON
HEALTH, INC., RUSSELL MARLAN,
KENNETH MCKEE, LLOYD
RAPELJE, LIA GULICK, MARTI KAY
SHERRY, DAVID JOHNSON, KARRI
OSTERHOUT, WAYNE STATE
UNIVERSITY, CARMEN MCINTYRE,
JAMES BLESSMAN, JEFFREY
BOMBER and JEREMY HOWARD,

     Defendants.

No. 2:19-cv-10707

HON. VICTORIA A. ROBERTS

MAG. PATRICIA T. MORRIS

**MDOC DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT
PURSUANT TO FED. R. CIV. P.
56(a)**

_____

REBECCA SMITH,

     Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, SHAWN BREWER,
HEIDI WASHINGTON and CORIZON
HEALTH, INC.,

     Defendants.

NO. 2:19-cv-10771

HON. VICTORIA A. ROBERTS

MAG. ELIZABETH A. STRAFFORD

| | |
|---|---|
| Jonathan R. Marko (P72450) | Scott A. Mertens (P60069) |
| Marko Law PLLC | Kristin M. Heyse (P64353) |
| 1300 Broadway Street, Suite 500 | Michael R. Dean (P71333) |
| Detroit, MI 48226 | Kristie Sparks (P79177) |
| (313) 777-7LAW | John L. Thurber (P44989) |

David S. Steingold (P29752)
Samantha M. Baker (P83674)
Law Offices of David S. Steingold PLLC
500 Griswold Street, Suite 2320
Detroit, MI 48226
(313) 962-0000

Matthew H. Morgan (MN304657)
Rebekah L. Bailey (MN0387013)
Robert L. Schug (MN0387013)
Nicole Jean Schladt (MN0400234)
Nichols Kaster, PLLP
80 South Eighth St., Ste 4600
Minneapolis, MN 55402
(612) 256-3200

Cary S. McGehee (P42318)
Beth M. Rivers (P33614)
Channing Robinson-Holmes (P81698)
Pitt Mcgehee Palmer & Rivers
117 W. 4th Street, Suite 200
Royal Oak, MI 48067
(248) 398-9800

Solomon M. Radner (P73653)
EXCOLO LAW, PLLC
26700 Lahser Rd, Suite 401
Southfield, MI 48033
(866) 939-2656

*Attorneys for Plaintiffs Pearson,
Sheldon, and Garwood*

Daniel Randazzo (P39935)
Law Office of Daniel Randazzo
2731 South Adams Rd., Ste. 100
Rochester Hills, MI 48309
(248) 853-1003

*Attorney for Plaintiff Smith*

Cori E. Barkman (P61470)
Assistant Attorneys General
Attorneys for Defendants Brewer,
Gulick, Howard, Johnson, Marlan,
McKee, Michigan Department of
Corrections, Osterhout, Rapelje,
Sherry and Washington
MDOC Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055

Ronald W. Chapman (P37603)
Wedad Ibrahim (P81970)
Chapman Law Group
Attorneys for Defendants Corizon
Health, Inc. & Jeffrey Bomber
1441 West Long Lake Rd., Ste 310
Troy, MI 48098
(248) 644-6326

Cullen B. McKinney (P49757)
Tanoury Nauts Mckinney &
Garbarino
Attorney for Blessman, McIntyre &
Wayne State University
38777 Six Mile Road, Ste 101
Livonia, MI 48152
(313) 964-4500

_____/

## MDOC DEFENDANTS' MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56(a)

MDOC Defendants Michigan Department of Corrections, Heidi Washington, Kenneth McKee, Russ Marlan, Lloyd Rapelje, Lia Gulick, David Johnson, Karri Osterhout, Marti Kay Sherry, Shawn Brewer and Jeremy Howard through counsel, and pursuant to Fed. R. Civ. P. 56(a), hereby move this Court to grant Defendants partial summary judgment, dismissing Plaintiffs' Smith and Garwood's claims against MDOC Defendants, based upon the grounds set forth in the accompanying brief

In accordance with E.D. Mich. L.R 7.1(a), concurrence was sought from Plaintiffs' counsel on Friday, April 17, 2020, by email. Defendants' counsel did not obtain concurrence in the relief sought.

Respectfully submitted,

Dana Nessel
Attorney General

*/s/ Scott Mertens*
Scott Mertens
Assistant Attorney General
Attorney for Defendants Brewer,
Gulick, Howard, Johnson, Marlan,
McKee, Michigan Department of
Corrections, Osterhout, Rapelje,
Sherry and Washington
MDOC Division

P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
MertensS@michigan.gov
Dated: May 1, 2020          P60069

## CERTIFICATE OF SERVICE (E-FILE)

I hereby certify that on May 1, 2020, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

*/s/ Scott Mertens*
Scott A. Mertens (P60069)
Assistant Attorney General
Attorney for Defendants Brewer, Gulick, Howard, Johnson, Marlan, McKee, Michigan Department of Corrections, Osterhout, Rapelje, Sherry and Washington
MDOC Division

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLE PEARSON, MARIA
SHELDON, and RACHELL
GARWOOD,

      Plaintiffs,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, SHAWN BREWER,
HEIDI WASHINGTON, CORIZON
HEALTH, INC., RUSSELL MARLAN,
KENNETH MCKEE, LLOYD
RAPELJE, LIA GULICK, MARTI KAY
SHERRY, DAVID JOHNSON, KARRI
OSTERHOUT, WAYNE STATE
UNIVERSITY, CARMEN MCINTYRE,
JAMES BLESSMAN, JEFFREY
BOMBER and JEREMY HOWARD,

      Defendants.

No. 2:19-cv-10707

HON. VICTORIA A. ROBERTS

MAG. PATRICIA T. MORRIS

**MDOC DEFENDANTS'
CORRECTED BRIEF IN
SUPPORT OF THEIR MOTION
FOR SUMMARY JUDGMENT
PURSUANT TO FED. R. CIV. P.
56(a)**

_____

REBECCA SMITH,

      Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, SHAWN BREWER,
HEIDI WASHINGTON and CORIZON
HEALTH, INC.,

      Defendants.

NO. 2:19-cv-10771

HON. VICTORIA A. ROBERTS

MAG. ELIZABETH A. STRAFFORD

| | |
|---|---|
| Jonathan R. Marko (P72450) | Scott A. Mertens (P60069) |
| Marko Law PLLC | Kristin M. Heyse (P64353) |
| 1300 Broadway Street, Suite 500 | Michael R. Dean (P71333) |
| Detroit, MI 48226 | Kristie Sparks (P79177) |
| (313) 777-7LAW | John L. Thurber (P44989) |

David S. Steingold (P29752)
Samantha M. Baker (P83674)
Law Offices of David S. Steingold PLLC
500 Griswold Street, Suite 2320
Detroit, MI 48226
(313) 962-0000

Matthew H. Morgan (MN304657)
Rebekah L. Bailey (MN0387013)
Robert L. Schug (MN0387013)
Nicole Jean Schladt (MN0400234)
Nichols Kaster, PLLP
80 South Eighth St., Ste 4600
Minneapolis, MN 55402
(612) 256-3200

Cary S. McGehee (P42318)
Beth M. Rivers (P33614)
Channing Robinson-Holmes (P81698)
Pitt Mcgehee Palmer & Rivers
117 W. 4th Street, Suite 200
Royal Oak, MI 48067
(248) 398-9800

Solomon M. Radner (P73653)
EXCOLO LAW, PLLC
26700 Lahser Rd, Suite 401
Southfield, MI 48033
(866) 939-2656

*Attorneys for Plaintiffs Pearson,
Sheldon, and Garwood*

Daniel Randazzo (P39935)
Law Office of Daniel Randazzo
2731 South Adams Rd., Ste. 100
Rochester Hills, MI 48309
(248) 853-1003

*Attorney for Plaintiff Smith*

Cori E. Barkman (P61470)
Assistant Attorneys General
Attorneys for Defendants Brewer,
Gulick, Howard, Johnson, Marlan,
McKee, Michigan Department of
Corrections, Osterhout, Rapelje,
Sherry and Washington
MDOC Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055

Ronald W. Chapman (P37603)
Wedad Ibrahim (P81970)
Chapman Law Group
Attorneys for Defendants Corizon
Health, Inc. & Jeffrey Bomber
1441 West Long Lake Rd., Ste 310
Troy, MI 48098
(248) 644-6326

Cullen B. McKinney (P49757)
Tanoury Nauts Mckinney &
Garbarino
Attorney for Blessman, McIntyre &
Wayne State University
38777 Six Mile Road, Ste 101
Livonia, MI 48152
(313) 964-4500

_____/

# MDOC DEFENDANTS' CORRECTED BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56(a)

Dana Nessel
Attorney General

Scott Mertens (P60069)
John L. Thurber (P44989)
Michael R. Dean (P71333)
Jennifer Foster (P75947)
Kristie Sparks (P79177)
Kristin M. Heyse (P64353)
Cori E. Barkman (P61470)
Assistant Attorneys General
Attorneys for Defendants Brewer,
Bullard, Carter, MDOC,
Washington, Marlan, McKee,
Rapelje, Gulick, Treppa, Osterhout
and Johnson
MDOC Division
P.O. Box 30217
Lansing, MI 48909
Dated: May 1, 2020                    (517) 335-3055

## TABLE OF CONTENTS

<u>Page</u>

Table of Contents.......................................................................i

Index of Authorities..................................................................ii

Concise Statement of Issues Presented....................................iii

Controlling or Most Appropriate Authority .............................iv

Statement of Material Facts ......................................................1

Argument ...................................................................................3

I.    The Court should dismiss Plaintiff Smith and Garwood's
      unexhausted complaint allegations against MDOC
      Defendants because Plaintiffs have not properly exhausted
      their administrative remedies. ........................................3

      A.    Legal Standard under the PLRA .............................3

      B.    Applicable MDOC Grievance Policy, PD 03.02.130...............7

            1.    Plaintiff Smith has failed to properly exhaust her
                  claims against the MDOC Defendants. ........................9

            2.    Plaintiff Garwood has failed to properly exhaust
                  her claims against the MDOC Defendants.................12

Conclusion and Relief Requested............................................21

i

# INDEX OF AUTHORITIES

<u>Page</u>

## Cases

*Burnett v. Howard,*
No. 2:09-cv-37, 2010 WL 1286256, at *1 (W.D. Mich. Mar. 30, 2010).................................................................................17, 18, 19

*Burton v. Jones,*
321 F.3d 569 (6th Cir. 2003)....................................................15, 16, 17

*Freeman v. Francis,*
196 F.3d 641 (6th Cir. 1999)..................................................................4

*Jones v. Bock,*
549 U.S. 199 (2007).......................................................................passim

*Porter v. Nussle,*
534 U.S. 516 (2002)...........................................................................4, 5

*Preiser v. Rodriguez,*
411 U.S. 475 (1973)...............................................................................5

*Reed-Bey v. Pramstaller,*
603 F.3d 322 (6th Cir. 2010).........................................................10, 14

*Surles v. Andison,*
678 F.3d 452 (6th Cir. 2012).......................................................7, 9, 12

*Woodford v. Ngo,*
548 U.S. 81 (2006)...................................................................iv, 4, 5, 6

## Statutes

42 U.S.C. § 1983...................................................................................... iii

42 U.S.C. § 1997e(a) ...................................................................iv, 3, 4, 5

**CONCISE STATEMENT OF ISSUES PRESENTED**

1.   A prisoner must exhaust her administrative remedies before
     filing a complaint under 42 U.S.C. § 1983.  To properly
     exhaust, a prisoner must attempt to resolve the issue
     verbally within two business days of the offending event.  A
     prisoner must then file a Step I grievance within five
     business days after attempting to verbally resolve the issue
     with the staff member involved.  If not resolved, a prisoner
     must then file a Step II and III appeal.  Here, Plaintiffs
     Smith and Garwood did not properly complete the grievance
     process regarding their complaint allegations.  Should the
     Court dismiss Plaintiffs' unexhausted complaint allegations?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

<u>*Authority:*</u>

*Porter v. Nussle*, 534 U.S. 516, 524 (2002) (under 42 U.S.C. § 1997e(a), a prison inmate cannot maintain a civil rights action challenging prison conditions if she did not first exhaust all available administrative remedies.)

*Woodford v. Ngo*, 548 U.S. 81, 90, 92 (2006) (holding that the PLRA requires "proper exhaustion of administrative remedies," which "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)").

## STATEMENT OF MATERIAL FACTS

1.      This is a prisoner civil rights lawsuit brought by a class of Prisoner-Plaintiffs who are currently, and formerly, confined in the Women's Huron Valley Correctional Facility (WHV).

2.      Named class Plaintiffs include Michelle Pearson, Maria Sheldon, Rachell Garwood, and Rebecca Smith.  (R. 69, Consolidated Complaint).

3.      Plaintiffs Smith and Garwood remain incarcerated at WHV, while the other Plaintiffs have subsequently been released.[1]

4.      Plaintiffs sued multiple Defendants, including the Michigan Department of Corrections (MDOC), and its various employees.  The MDOC Defendants include:

> a.      The Michigan Department of Corrections (MDOC);
>
> b.      Heidi Washington (Director of the MDOC);
>
> c.      Jeremy Howard (Current Warden of WHV);
>
> d.      Shawn Brewer (former Warden at WHV);
>
> e.      Russell Marlan (Deputy Director of MDOC);

---

[1] See the Offender Tracking Information System (OTIS) Webpage for the most up to date correctional status of Plaintiffs. http://mdocweb.state.mi.us/OTIS2/otis2.aspx

f.     Kenneth McKee (Deputy Director of MDOC);

g.     Lloyd Rapelje (former Assistant Deputy Director);

h.     Lia Gulick (Acting Deputy Director);

i.     David Johnson (former Deputy Warden at WHV);

j.     Karri Osterhout (Deputy Warden of WHV); and,

k.     Marti Kay Sherry (Administrator, Bureau of Health
       Care Services).

5.     Other named Defendants include Wayne State University,
Chief Medical Officer Carmen McIntyre, Assistant Chief Medical Officer
James Blessman, Corizon Health, and Medical Director Jeffrey Bomber.

6.     Plaintiffs allege the Defendants violated their Eighth and
Fourteenth Amendment rights.  (R. 66, PageID.419-422).

7.     Specifically, Plaintiffs allege Defendants were deliberately
indifferent to Plaintiffs' serious medical needs when Defendants
allegedly failed to provide Plaintiffs with adequate medical treatment to
address skin injuries in the form of a rash, including the rash sarcoptes
scabiei, "scabies."  (*Id).*

8.     Plaintiffs also sue the MDOC Defendants, alleging gross
negligence.  (*Id*. at PageID.422-424).

2

9.     Lastly, Plaintiffs also sue MDOC Defendants, for a violation of Plaintiffs' Fourteenth Amendment substantive due process rights, alleging a state created danger.  *(Id.* at PageID.424-426).

10.    In their first responsive pleading, MDOC Defendants seek dismissal based on Plaintiffs' failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act (PLRA).

11.    This Court should grant the instant motion, and dismiss the MDOC Defendants, without prejudice for the reasons stated below.[2]

## ARGUMENT

## I.     The Court should dismiss Plaintiff Smith and Garwood's unexhausted complaint allegations against MDOC Defendants because Plaintiffs have not properly exhausted their administrative remedies.

### A.     Legal Standard under the PLRA

A prisoner-plaintiff no longer must plead or demonstrate exhaustion to satisfy the Prison Litigation Reform Act (PLRA) requirements of 42 U.S.C. § 1997e(a); failure to exhaust administrative

---

[2] The Defendants previously filed a summary judgment motion on April 20, 2020.  (R. 85, PageID.576-607).  The Court rejected that motion on April 28, 2020.  (R. 87, PageID.733-734).  Therefore, Defendants submit their corrected brief to contain a statement of material facts with numbered paragraphs.

remedies is an affirmative defense that must be raised by a defendant. *Jones v. Bock*, 549 U.S. 199 (2007).  Under 42 U.S.C. § 1997e(a), a prison inmate cannot maintain a civil rights' action with respect to prison conditions brought under any federal law if she did not first exhaust all available administrative remedies.

The Supreme Court has held that exhaustion requires proper exhaustion, which means that the prisoner must complete the administrative review process.  *Woodford v. Ngo*, 548 U.S. 81 (2006). Exhaustion of administrative remedies is a prerequisite to filing a prisoner lawsuit challenging prison conditions.  42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524 (2002).  "The plain language of the statute makes exhaustion a precondition to filing an action in federal court."  *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999); *Nussle*, 534 U.S. at 523.  Exhaustion is an issue that must be determined before the Court can review the merits of the Plaintiff's claims and the remaining defenses raised by the MDOC Defendants.

The PLRA attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to "affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case."

4

*Nussle*, 534 U.S. at 525.  The PLRA also was intended to "reduce the quantity and improve the quality of prisoner suits." *Id.* at 524.

Requiring proper exhaustion serves all these goals.  It gives prisoners an effective incentive to make full use of the prison grievance process and accordingly provides prisons with a fair opportunity to correct their own errors.  *Woodford,* 548 U.S. at 94.  This is important in relation to prison systems because it is "difficult to imagine an activity in which a State has a stronger interest, or one that is more intricately bound up with state laws, regulations, and procedures, than the administration of its prisons." *Preiser v. Rodriguez*, 411 U.S. 475, 491-92 (1973).  Thus, it is essential for a plaintiff to properly exhaust administrative remedies before filing suit by filing a grievance that complies with the prison grievance system regarding the allegations made in the complaint.

An untimely grievance, or otherwise improperly filed grievance, even though appealed through all steps of a grievance procedure, does not fulfill the exhaustion requirement of 42 U.S.C. § 1997e(a).  Allowing such a grievance to satisfy § 1997e(a)'s requirement "would permit a prisoner to bypass deliberately and flagrantly administrative review

5

without any risk of sanction." *Woodford,* 548 U.S. at 97.  The *Woodford*

Court explained:

> A prisoner who does not want to participate in the prison
> grievance process will have little incentive to comply with
> the system's procedural rules unless noncompliance carries a
> sanction ....  For example, a prisoner wishing to bypass
> available administrative remedies could simply file a late
> grievance without providing any reason for failing to file on
> time.  If the prison then rejects the grievance as untimely,
> the prisoner could proceed directly to federal court.  And
> acceptance of the late grievance would not thwart the
> prisoner's wish to bypass the administrative process; the
> prisoner could easily achieve this by violating other
> procedural rules until the prison administration had no
> alternative but to dismiss the grievance on procedural
> grounds.  We are confident that the PLRA did not create
> such a toothless scheme.

*Id.* at 95.  "The level of detail necessary in a grievance to comply with

the grievance procedures will vary from system to system and claim to

claim, but it is the prison's requirements, and not the PLRA, that define

the boundaries of proper exhaustion." *Jones*, 549 U.S. at 218.

Moreover "[t]o properly exhaust administrative remedies

prisoners must 'complete the administrative review process in

accordance with the applicable procedural rules,' rules that are defined

not by the PLRA, but by the prison grievance process itself." *Jones,* 549

U.S. at 218.  (internal citation omitted.)  Indeed, the Sixth Circuit has

held that "[a] grievant must undertake all steps of the MDOC process

for his grievance to be considered fully exhausted." *Surles v. Andison,*

678 F.3d 452, 455 (6th Cir. 2012).

**B.      Applicable MDOC Grievance Policy, PD 03.02.130**

The administrative process applicable to Plaintiff's claims is

governed by MDOC Policy Directive 03.02.130, "Prisoner/Parolee

Grievances," effective July 9, 2007.  The policy directive states, in

pertinent part, as follows:

> E.     Grievances may be submitted regarding alleged
>        violations of policy or procedure or unsatisfactory
>        conditions of confinement which directly affect the
>        grievant, including alleged violations of this policy and
>        related procedures.
>
>                          *  *  *
>
> F.     Two or more prisoners and/or parolees may not jointly file a
>        single grievance regarding an issue of mutual impact or
>        submit identical individual grievances regarding a given
>        issue as an organized protest. Such grievances shall be
>        rejected by the grievance coordinator…
>
> G.     A grievance also may be rejected for any of the following
>        reasons:
>
>        1.     It is vague, illegible, contains multiple unrelated
>               issues, or raises issues that are duplicative of
>               those raised in another grievance filed by the
>               grievant.
>                          *  *  *

7

4.  The grievance is filed in an untimely manner. The grievance shall not be rejected if there is a valid reason for the delay; e.g., transfer.

* * *

P.  Prior to submitting a written grievance, the grievant shall attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue, unless prevented by circumstances beyond his/her control or if the issue falls within the jurisdiction of the Internal Affairs Division in Operations Support Administration. If the complaint is not resolved, the grievant may file a Step I grievance. The Step I grievance must be filed within five business days after the grievant attempted to resolve the issue with staff.

* * *

R.  A grievant shall use the Prisoner/Parolee Grievance form (CSJ-247A) to file a Step I grievance; a Prisoner/Parolee Grievance Appeal form (CSJ-247B) shall be used to file a Step II or Step III grievance. The forms may be completed by hand or by typewriter however, handwriting must be legible. The issues shall be stated briefly but concisely. Information provided shall be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included.

* * *

V.  Within five business days after attempting to resolve a grievable issue with staff, a grievant may send a completed Prisoner/Parolee Grievance form (CSJ-247A) to the Step I Grievance Coordinator designated for the facility, field office or other office being grieved....

8

(Defs' Ex. 1, MDOC P.D. 03.02.130, eff. 07/09/2007.)

This policy was updated on March 18, 2019. (Defs' Ex. 2, MDOC PD 03.02.130, eff 03/18/2019.) The relevant portions of both versions of the policy discussed herein are not substantively different. Grievances filed by Plaintiff Smith were completed prior to March of 2019. Some grievances filed by Plaintiff Garwood were completed after March of 2019. Therefore, Defendants rely upon the old policy directive regarding Plaintiff Smith and both directives with respect to Plaintiff Garwood.

### 1. Plaintiff Smith has failed to properly exhaust her claims against the MDOC Defendants.

To properly exhaust administrative remedies, a prisoner must exhaust her administrative appeals pursuant to those procedures outlined in prison policy. (See, *e.g., Jones*, 549 U.S. at 219; *Surles,* 678 F.3d at 455). According to MDOC policy, to properly exhaust a grievance requires the prisoner to file an appeal through all three steps of the grievance process: "[C]omplaints filed by prisoners regarding grievable issues as defined in this policy serve to exhaust a prisoner's administrative remedies **only** *when filed as a grievance through all*

*three steps* of the grievance process." (Defs' Ex. 1 at ¶ B) (emphasis added).

Plaintiff Smith has filed two Step III grievance appeals since January 2013. (Defs' Ex. 3, Smith Step III Grievance Report and Grievances, p. 1). One of those grievances, WHV-18-04-0987-12D3 is relevant for purpose of the instant motion. The other grievance, WHV-13-02-0629-28e, was received at Step I on February 25, 2013, and pre-dates the time frame of the allegations related to this lawsuit. (Defs' Ex. 3, p. 1; R. 69, ¶¶ 10, 72 PageID.384, 398). Plaintiff Smith has failed to properly exhaust her administrative remedies against the MDOC Defendants because the grievance does not include any of the named MDOC Defendants.

In Grievance WHV-18-04-0987-12D3, Plaintiff fails to include any of the named MDOC Defendants with respect to her claims, despite the policy requiring the names of all those involved in the issue being grieved. (Defs' Ex. 1 at ¶ R). "Under the Department of Corrections' procedural rules, inmates must include the '[d]ates, times, places and *names of all those involved in the issue* being grieved' in their initial grievance." *Reed-Bey v. Pramstaller,* 603 F.3d 322, 324 (6th Cir. 2010). (emphasis added).

10

At Step I, Plaintiff names Dr. Qin, an unknown health provider, P.A. D. Rohrs, and NP Reichman in her grievance.  (Defs' Ex. 3, p. 5). Plaintiff does not specify any of the named MDOC Defendants to the instant lawsuit, i.e. Director Heidi Washington, Deputy Director (DD) Russell Marlan, DD Kenneth McKee, Assistant Deputy Director (ADD) Lloyd Rapelje, ADD Lia Gulick, Administrator Marti Kay Sherry, Wardens Jeremy Howard and Shawn Brewer, or Deputy Wardens (DW) David Johnson and Karri Osterhout.  (*Id*).

Plaintiff also includes statements regarding her treatment by health care in her unit.  *(Id)*.  Even if mentioning health care serves to exhaust Smith's claims against all health care providers at WHV, this does not include any of the named MDOC Defendants, as they are not WHV health care employees.  (R. 69, ¶¶ 21-30, PageID.386-90). Therefore, this grievance does not exhaust Plaintiff Smith's claims against any of the MDOC Defendants.

Because Plaintiff Smith has not properly exhausted her claims against the named MDOC Defendants, they must be dismissed for Plaintiff's failure to exhaust her administrative remedies.

11

### 2.   Plaintiff Garwood has failed to properly exhaust her claims against the MDOC Defendants.

As previously stated, to properly exhaust under the PLRA, a prisoner must appeal her administrative grievance through all three steps of the grievance process.  (See, *e.g., Jones*, 549 U.S. at 219; *Surles*, 678 F.3d at 455; and Defs' Ex. 1 at ¶ B).

Plaintiff Garwood has filed six Step III grievance appeals since January 2013.  (Defs' Ex. 4, Garwood Step III Grievance Report and Grievances, p. 1).  Grievances include: WHV-19-11-5108-28K, WHV-19-11-5107-28E, WHV-19-03-1150-12E, WHV19-041989-28E, WHV-19-04-1792-28E, and WHV-19-03-1260-12F.  Plaintiff Garwood has failed to properly exhaust her administrative remedies against the MDOC Defendants for four reasons: first, the grievances were completed after the filing of the complaint; second, the grievances do not include all of the named MDOC Defendants; third, multiple grievances were rejected pursuant to MDOC policy; and fourth, the content of the grievances do not address all of her claims.

### a.   *Timeliness*

First, all six of Plaintiff's grievances were completed and thus resolved, after the initial complaint was filed in this consolidated action.

12

The initial complaint in the *Pearson* matter was filed on March 8, 2019. (R. 1).  Thereafter, the first amended complaint was filed on March 26, 2019, and the second amended complaint was filed on May 3, 2019. (Amended Complaint, R. 9; Second Amended Complaint, R. 26).  The consolidated complaint was filed on February 20, 2020, after counsel for the parties conducted two telephone conferences with the Court.  (See Consolidated Complaint, R. 69; Order re miscellaneous matters, R. 64 and R. 67).

Plaintiff Garwood's Step III responses were completed on February 28, 2020; July 30, 2019; July 2, 2019; and July 26, 2019. (Defs' Ex. 4, p. 1).  These dates are well after this litigation began, and after the second amended complaint was filed.  (R. 1; R. 26). Furthermore, two of Plaintiff's grievances, WHV-19-11-5108-28K and WHV-19-11-5107-28E, were not completed until February 28, 2020, after the consolidated complaint was filed in this case.  (Defs' Ex. 4, p. 1; R. 69).  Because Plaintiff Garwood did not complete MDOC's grievance process prior to filing this litigation, it cannot be said any of Plaintiff's grievances exhaust any of her claims against the MDOC Defendants. *Woodford,* 548 U.S. at 81.

13

b. *Named Defendants*

Second, in all six grievances, Plaintiff fails to include the names of all of the MDOC Defendants regarding her claims, despite the grievance policy's requirement to do so.  (See, *e.g.* Defs' Ex. 1 at ¶ R; Defs' Ex. 2 at ¶ S; *Reed-Bey*, 603 F.3d at 324).

Specifically, at Step I, Grievance number, WHV 19-11-5108-28K, Plaintiff only includes the names of Nurse Wright, female Deputy Howard (not MDOC Defendant Jeremy Howard), and Officer Duncan. (Defs' Ex. 4, p. 8).  Plaintiff generally refers to the facility and administrators when discussing the presence of scabies and mold infestation.  *(Id)*.  However, Plaintiff's generalities are insufficient for purposes of satisfying the policy.  (Defs' Ex. 2 at ¶ S).  Further, even if making such statements were to satisfy the exhaustion requirement, this does not include the MDOC employees who are not staff members of WHV: Director Washington, DD Marlan, DD McKee, ADD Rapelje, ADD Gulick, or Administrator Marti Kay Sherry.

Further, any statements made at Step II are of no consequence, because allegations of mistreatment that are first made at Step II or later, do not constitute proper exhaustion.  (See Defs' Ex. 4, p. 4; *Burton*

14

*v. Jones,* 321 F.3d 569, 574 (6th Cir. 2003)).  (A prisoner did not properly exhaust his claim against a prison official "if the first allegation of mistreatment or misconduct on the part of that official is made at Step II or Step III of the grievance process…")  Therefore, this grievance does not exhaust Plaintiff Garwood's claims against the MDOC Defendants.

In Grievance WHV-19-11-5107-28E, Plaintiff alleges that she submitted kites to health care regarding treatment of an abscess.  (Defs' Ex. 4, p. 10).  Plaintiff fails to mention the names of *any* individuals, let alone the Defendants.  (*Id.*)  At Step III Plaintiff discusses MDOC health care, however, this does not constitute proper exhaustion with respect to the MDOC Defendants.  (See, *e.g.*, Defs' Ex. 1, ¶ S and *Burton,* 321 F.3d at 574).  Thus, this grievance does not exhaust Plaintiff Garwood's claims against Defendants.

Similar to the above grievance, Grievance WHV-19-03-1150-12E, discusses Plaintiff sending kites to MDOC health care and WHV health care.  (Defs' Ex. 4, p. 14).  Again, Plaintiff fails to mention the names of any individuals, or any of the named MDOC Defendants.  (*Id*).  Moreover, not one of the named MDOC Defendants are employees of WHV Health Care.  And Plaintiff's referral to MDOC Health Care does

not serve to exhaust Plaintiff Garwood's claims with respect to the
Defendants, because generalities do not satisfy the policy requirement.
(Defs' Ex. 2, ¶ S; *Burton,* 321 F.3d at 574).  Therefore, this grievance
does not exhaust Plaintiff Garwood's claims.

Grievance WHV-19-04-1989-28E, includes the names of two
Officers, Lyons and Holyfield, as well as Nurse Porter, and "medical."
(Defs' Ex 4, p. 19).  Again, not one of the named MDOC Defendants are
included, nor are the MDOC Defendants medical service providers at
WHV Health Care.  (*Id*).  Thus, this grievance does not exhaust Plaintiff
Garwood's claims against Defendants.  (Defs' Ex. 1, ¶ S; *Burton,* 321
F.3d at 574).  And Grievance WHV-19-04-1792-28E does not include
any named individuals.  (Defs' Ex. 4, p. 24).  Therefore, this grievance
also does not exhaust Plaintiff Garwood's claims against the MDOC
Defendants.  (Defs' Ex 1, ¶ S; *Burton,* 321 F.3d at 574).
With respect to Grievance WHV-19-03-1260-12F, Plaintiff refers to an
unknown nurse, and another nurse.  (Defs' Ex. 4, p. 29).  This grievance
does not include any other names, or the names of the Defendants.  (*Id*).
Because Plaintiff Garwood does not include the named Defendants, it
cannot be said this grievance has properly exhausted Plaintiff's

16

complaint allegations against Defendants.  (Defs' Ex. 1, ¶ R; *Burton,* 321 F.3d at 574).

### c.  *Rejection of Grievances*

Third, of the six grievances Plaintiff Garwood filed, four of Plaintiff's grievances, WHV-19-11-5108-28K, WHV-19-11-5107-28E, WHV-19-04-1989-28E, WHV-19-04-1792-28E, were rejected through Steps I, II, and III.  (Defs' Ex. 4, p. 1).  Under MDOC policy, a grievance may be rejected for several reasons, including untimeliness in filing, duplicity of the issues raised in another grievance filed by the grievant, and if the grievance is classified as a joint grievance, that is, it considers an issue that mutually impacts two or more prisoners or is identical to other prisoner grievances regarding an issue.  (Defs' Ex. 1, ¶¶ F, and G; Defs' Ex. 2, ¶ J, No. 2, 5, and 7).

Where a grievance is rejected on the basis of policy, "[a]s long as the state clearly rejects a grievance for a reason explicitly set forth in the applicable grievance procedure, a subsequent § 1983 claim based on the grievance will be subject to dismissal for failure to properly exhaust."  *Burnett v. Howard,* No. 2:09-cv-37, 2010 WL 1286256, at *1 (W.D. Mich. Mar. 30, 2010) (internal citations omitted) (Defs' Ex. 5).

Grievance WHV-19-11-5108-28K was rejected at Step I because under MDOC policy it was considered a joint grievance, i.e., an issue that mutually impacts two or more prisoners or is identical to other prisoner grievances regarding said issue. (Defs' Ex 2 at ¶ J, No. 7; Defs' Ex 4, p. 6). The rejection was upheld through Steps II and III. (Defs' Ex 4, pp. 3, 5). Therefore, this grievance does not exhaust any of Garwood's Complaint allegations against MDOC Defendants. *Burnett,* 2010 WL 1286256 at *1. (Defs' Ex. 5).

Grievances WHV-19-11-5107-28E, WHV-19-04-1989-28E, WHV-19-04-1792-28E, were rejected at Step I as untimely. (Defs' Ex. 2 at ¶ J, No. 5 and Defs' Ex. 4, pp. 10, 19-20, and 24-25). These rejections were upheld through Steps II and III. (Defs' Ex. 4, pp. 7, 9, 16, 18, 21, and 23). Pursuant to MDOC policy, a grievant must submit their Step I report within five business days after an attempt to resolve the issue with staff. (Defs' Ex. 2 at ¶ W).

WHV 19-11-5107-28E was received on November 22, 2019, for allegations from as early as May, June, and September of 2019. (*Id.* at p. 10). Thus, it was rejected at Step I as untimely, and the rejection was upheld through Step III. (Defs' Ex 2 at ¶ J, No. 5 and Defs' Ex 4, p. 7).

18

WHV-19-04-1989-28E was received on April 23, 2019, for acts alleged to have occurred on April 11, 2019. (Defs' Ex 4, p. 19). That grievance was also rejected as untimely, also. (Defs' Ex 2 at ¶ J, No. 5 and Defs' Ex. 4, p. 19). That rejection was upheld through Step III. (Defs' Ex. 4, p. 16). Lastly, WHV-19-04-1792-28E, was rejected as untimely because it was received on April 11, 2019, for allegations dating from January and March of 2019. (Defs' Ex. 2 at ¶ J, No. 5 and Defs' Ex. 4, p. 24). The rejection was upheld through Step III. (Defs' Ex. 4, p. 21). As such, it cannot be said that Plaintiff Garwood has exhausted her complaint allegations against MDOC Defendants. *Burnett,* 2010 WL 1286256 at *1. (Def.s' Ex. 5).

### d. *Content of Grievances*

Fourth, the content of three of Plaintiff Garwood's grievances does not address all of her claims against the MDOC Defendants. Specifically, WHV-19-11-5107-28E, WHV-19-04-1989-28E, and WHV-19-04-1792-28E.

In Grievance WHV-19-11-5107-28E, Plaintiff discusses a large abscess on her lower back. (Defs' Ex. 4, p. 10). There are no claims related to a failure to adequately treat scabies or a rash. (*Id*). Thus, this grievance does not properly exhaust Plaintiff's claims related to the

instant lawsuit, simply because it is not related to the medical condition at issue, a rash or scabies.  (See Defs' Ex. 2, ¶ S; *Jones*, 549 U.S. at 218-19;R. 69, PageID.419-426).

Similar to the grievance above, WHV-19-04-1989-28E also discusses treatment of the abscess on Plaintiff's lower back (described as a "boil").  (Defs' Ex. 4, p. 19).  For the same reasons articulated above, this grievance does not properly exhaust Plaintiff's claims against the MDOC Defendants, simply because there are no claims related to failure to treat scabies or a rash.  (See Defs' Ex. 2, ¶ S; *Jones*, 549 U.S. at 218-19; R. 69, PageID.419-426).  As such, this grievance does not properly exhaust Plaintiff's claims against Defendants.

Lastly, in her Step I grievance, WHV-19-04-1792-28E, Plaintiff indicates that she experienced shortness of breath due to exposure of mold in her housing unit.  (Defs' Ex. 4, p. 24).  The grievance does not discuss a rash, or any medical symptoms like scabies, related to her deliberate indifference claim.  (R. 69, PageID.419-422).  Therefore, this grievance does not properly exhaust Plaintiff Garwood's claims.  (See Defs' Ex. 1, ¶ S; and *Jones*, 549 U.S. at 218-19).

Given the above considerations, Plaintiff Garwood has not properly exhausted her claims against the named MDOC Defendants.

20

## CONCLUSION AND RELIEF REQUESTED

Plaintiffs Smith and Garwood have failed to properly exhaust their administrative remedies with respect to their claims against MDOC Defendants.  Plaintiff Smith failed to properly exhaust because her grievance does not include any of the named MDOC Defendants. Plaintiff Garwood failed to properly exhaust because her grievances not only fail to include the named MDOC Defendants, but also were not completed until after the filing of the initial complaint.  Further, multiple grievances were rejected under MDOC policy, and the content of the grievances do not address Plaintiff Garwood's claims. Accordingly, MDOC Defendants are entitled to partial summary judgment and dismissal of Plaintiff Smith and Garwood's claims against them without prejudice.

Respectfully submitted,

Dana Nessel
Attorney General

*/s/ Scott Mertens*
Scott Mertens
Assistant Attorney General
Attorney for Defendants Brewer,
Gulick, Howard, Johnson, Marlan,
McKee, Michigan Department of
Corrections, Osterhout, Rapelje,
Sherry and Washington

21

MDOC Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
MertensS@michigan.gov
Dated: May 1, 2020            P60069

## CERTIFICATE OF SERVICE (E-FILE)

I hereby certify that on May 1, 2020, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

*/s/ Scott Mertens*
Scott A. Mertens (P60069)
Assistant Attorney General
Attorney for Defendants Brewer,
Gulick, Howard, Johnson, Marlan,
McKee, Michigan Department of
Corrections, Osterhout, Rapelje,
Sherry & Washington
MDOC Division