# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MACHELLE PEARSON, *et al.*, on
behalf of themselves and others
similarly situated,

                 Plaintiffs,

    v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, *et al.*,

                 Defendants.

Case No. 2:19-cv-10707 VAR-PTM
District Judge Victoria A. Roberts
Mag. Judge Patricia T. Morris

---

REBECCA SMITH, on behalf of
herself and others similarly situated,

                 Plaintiff,

    v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, *et al.*,

                 Defendants.

Case No. 2:19-cv-10771 VAR-EAS
District Judge Victoria A. Roberts
Mag. Judge Elizabeth A. Stafford

---

**MARKO LAW, PLLC**
Jonathan R. Marko (P72450)
1300 Broadway Street, Suite 500
Detroit, MI 48226
P: (313) 777-7LAW
jon@markolaw.com

**NICHOLS KASTER, PLLP**
Matthew H. Morgan (MN304657)
Rebekah L. Bailey (MN0389599)
Nicole J. Schladt (MN0400234)

**MI DEP'T OF ATTORNEY GEN.**
Scott A. Mertens (P60069)
Cori E. Barkman (P61470)
Kristin M. Heyse (P64353)
Michael Dean (P71333)
Kristie A. Sparks (P79177)
John L. Thurber (P44989)
Zachary A. Zurek (P80116)
MDOC Division
P.O. Box 30217
Lansing, MI  48909

80 South Eighth Street, Suite 4700
Minneapolis, MN  55402
P: (612) 256-3200
morgan@nka.com

**PITT MCGEHEE PALMER & RIVERS PC**
Cary S. McGehee (P42318)
Beth M. Rivers (P33614)
Channing Robinson-Holmes (P81698)
117 W. 4th Street, Suite 200
Royal Oak, MI  48067
P: (248) 398-9800
cmcgehee@pittlawpc.com

**LAW OFFICES OF DAVID S. STEINGOLD, PLLC**
David S. Steingold (P29752)
Samantha M. Baker (P83674)
500 Griswold St., Ste. 2320
Detroit, MI 48226
(313) 962-0000
detroitdefender@yahoo.com

**EXCOLO LAW, PLLC**
Solomon M. Radner (P73653)
26700 Lahser Road, Suite 401
Southfield, MI 48033
P: (866) 939-2656
sradner@excololaw.com

*Attorneys for Plaintiffs Pearson, Sheldon, and Garwood*

**LAW OFFICE OF DANIEL RANDAZZO**
Daniel Randazzo (P39935)
2731 South Adams Rd., Ste. 100
Rochester Hills, MI 48309
(248) 853-1003

P: (517) 335-3055
mertensS@michigan.gov

*Attorneys for MDOC Defendants*

**CHAPMAN LAW GROUP**
Ronald W. Chapman, Sr. (P37603)
Wedad Suleiman (P81970)
1441 West Long Lake Rd, Suite 310
Troy, MI  48098
P: (248) 644-6326
rchapman@chapmanlawgroup.com

*Attorneys for Defendants Corizon, Bomber, Lacy, Papendick, Coleman, and Hutchinson*

**TANOURY NAUTS MCKINNEY & GARBARINO**
Cullen B. McKinney (P49757)
Trevor J. Zamborsky (P77244)
38777 Six Mile Road, Ste 101
Livonia, MI  48152
P: (313) 964-4500
Cullen.mckinney@TNMGLaw.com

*Attorneys for Defendants McIntyre and Blessman*

Attyrandaz@aol.com

**Attorneys for Plaintiff Smith**

### PLAINTIFFS' RESPONSE IN OPPOSITION TO THE CORIZON DEFENDANTS' MOTION TO STRIKE, ECF NO. 121

Plaintiffs Machelle Pearson, Maria Sheldon, and Rachell Garwood, on behalf of themselves and the putative class of similarly situated individuals, and Plaintiff Smith (collectively "Plaintiffs") together hereby respond by and through interim lead counsel to the Motion to Strike Plaintiffs' Second Amended Consolidated Master Class Action Complaint filed by Defendants Corizon, Hutchinson, Bomber, Lacy, Papendick, and Coleman (collectively the "Corizon Defendants"). For the reasons provided herewith, the Court should deny the Corizon Defendants' Motion.

# **TABLE OF CONTENTS**

TABLE OF CONTENTS.................................................................. iv

TABLE OF AUTHORITIES ........................................................... vi

STATEMENT OF THE ISSUES..................................................... ix

CONTROLLING/APPROPRIATE AUTHORITY.................................x

INTRODUCTION ...........................................................................1

BACKGROUND ............................................................................2

   I)  FACTUAL BACKGROUND..................................................2

   II)  PROCEDURAL BACKGROUND .............................................3

LEGAL ARGUMENT .....................................................................5

   I)  STRIKING PLAINTIFFS' AMENDED CONSOLIDATED COMPLAINT WOULD BE A DRASTIC REMEDY IN RESPONSE TO A PROCEDURAL MISTAKE PLAINTIFFS ARE ALREADY ATTEMPTING TO CORRECT. ...................................5

   II)  DEFENDANTS STYLE THEIR MOTION AS A RULE 12(F) MOTION TO STRIKE, BUT RULE 12(F) IS NOT THE APPROPRIATE PROCEDURAL MECHANISM FOR THE RELIEF CORIZON SEEKS..................................................7

   III) PLAINTIFFS' AMENDED CONSOLIDATED COMPLAINT CURES DEFICIENCIES IDENTIFIED BY THE COURT........................................................8

   IV) PLAINTIFFS ADDED CORIZON DEFENDANTS HUTCHINSON, LACY, PAPENDICK, AND COLEMAN TO BETTER ADDRESS THE COURT'S CONCERNS, AND RULE 21 DOES NOT PREVENT PLAINTIFFS FROM DOING SO HERE. ................................................15

   V)  PLAINTIFFS' AMENDED CONSOLIDATED COMPLAINT ALSO MEETS THE RULE 15 STANDARD FOR AMENDED PLEADINGS AND SETS FORTH A VALID CLAIM PURSUANT TO 42 U.S.C. § 1983. .............................................17

       A)  Legal Standard........................................................17

       B)  Plaintiffs State a Valid *Monell* Claim Against Defendant Corizon. .......18

       C)  Plaintiffs State Valid Section 1983 Claims Against the Individual Corizon Defendants. ................................................22

CONCLUSION.............................................................................24

CERTIFICATE OF SERVICE ..................................................................................1

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ....................................................12

*Atlas Techs., LLC v. Levine*, 268 F. Supp. 3d 950 (E.D. Mich. 2017) ...................14

*August v. Mich. Dep't of Corr.*, No. 2:16-CV-11224, 2018 WL
    4679597 (E.D. Mich. Sept. 29, 2018) .................................................22

*Bear v. Delaware Cty., Ohio*, No. 2:14-CV-43, 2015 WL 1954451
    (S.D. Ohio Apr. 28, 2015) ...............................................................18

*Bellamy v. Bradley,* 729 F.2d 416 (6th Cir. 1984) ...................................21

*Blackmore v. Kalamazoo Cty.*, 390 F.3d 890 (6th Cir. 2004) ...............................23

*Bomer v. Ribicoff*, 304 F.2d 427 (6th Cir. 1962) ....................................17

*Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819,
    (6th Cir. 1953)...........................................................................7

*Broyles v. Corr. Med. Servs., Inc.*, No. 08-1638, 2009 WL 3154241
    (6th Cir. Jan. 23, 2009) ...............................................................17

*Burgess v. Fischer*, 735 F.3d 462 (6th Cir. 2013) ...................................19

*Cook v. Martin*, 148 F. App'x 327 (6th Cir. 2005) ..................................21

*Elhady v. Pew*, 370 F. Supp. 3d 757 (E.D. Mich. 2019) .................................. 12-13

*Everson v. Leis,* 556 F.3d 484 (6th Cir. 2009) .......................................21

*Hahn v. Best Recovery Services, LLC*, No. 10-12370, 2010 WL
    4483375 (E.D. Mich. Nov. 1, 2010)....................................................7

*Herrerra v. Michigan Dep't of Corr.*, No. 5:10-CV-11215, 2011 WL
    3862426 (E.D. Mich. July 22, 2011) ...................................................8

*JAC Holding Enterprises, Inc. v. Atrium Capital Partners, LLC*, 997
    F. Supp. 2d 710 (E.D. Mich. 2014) ...................................................14

*Johnson v. Knox Co.*, ___F. Supp. 3d___; 2020 U.S. Dist. LEXIS
    88828 (E.D. Tenn. May 20, 2020)................................................. 14-15

*Miller v. City of Detroit*, No. 18-13147, 2019 WL 1492081 (E.D. Mich. Apr. 4, 2019) ....................................................14

*Morse v. McWhorter*, 290 F.3d 795 (6th Cir. 2002) ..............................17

*Muslim Cmty. Ass'n of Ann Arbor & Vicinity v. Pittsfield Charter Twp.*, 947 F. Supp. 2d 752 (E.D. Mich. 2013) ..................................14

*Patrick Collins, Inc. v. John Does 1-21,* 286 F.R.D. 319 (E.D. Mich. 2012) ....................................................................................16

*Peguese v. PNC Bank, N.A.*, 306 F.R.D. 540 (E.D. Mich. 2015)...........................16

*Pelichet v. Gordon,* No. 18-CV-11385, 2019 WL 4619742 (E.D. Mich. Sept. 20, 2019) .................................................. 13-14

*Phillips v. Roane County*, 534 F.3d 531 (6th Cir. 2008) .......................................14

*Rose v. Hartford Underwriters Ins. Co.,* 203 F.3d 417 (6th Cir. 2000) ................18

*Sazerac Co. v. Hood River Distillers, Inc.*, No. 3:12CV-79-S, 2012 WL 6645730 (W.D. Ky. Dec. 20, 2012) .............................................6

*Spizizen v. Nat'l City Corp.*, No. 09-11713, 2010 WL 419993 (E.D. Mich. Feb. 1, 2010) ..................................................... 6-7

*Taylor v. Michigan Dep't of Corr.*, 69 F.3d 76 (6th Cir. 1995) ...................... 21-22

*U.S. ex rel. Allison v. Southwest Orthopaedic Specialists, PLLC*, CIV-16-0569, 2020 WL 5984814 (W.D. Okla. Oct. 8, 2020).....................................14

*Vinson v. Michigan Department of Corrections*, 788 F. App'x 312 (6th Cir. 2019)..........................................................23

## STATUTES

42 U.S.C. § 1983.........................................................3-4, 17, 22-24

## COURT RULES

Federal Rule of Civil Procedure 9(b) ....................................................14

Federal Rule of Civil Procedure 12 ............................................. 7-8, 18

Federal Rule of Civil Procedure 15 ................................................ 15-18

Federal Rule of Civil Procedure 20 ...........................................................16

Federal Rule of Civil Procedure 21 ................................................. 15-16

## <u>STATEMENT OF THE ISSUES</u>

Plaintiffs' Response in Opposition to the Corizon Defendants' Motion to Strike Plaintiffs' Second Amended Consolidated Master Class Action Complaint answers the following question for the Court:

Whether this Court should strike Plaintiffs' Amended Consolidated Master Class Action Complaint.

Plaintiffs respectfully request the Court answer this question in the negative and permit Plaintiffs to move forward using their Amended Consolidated Complaint as the operative pleading in this matter.

## <u>CONTROLLING/APPROPRIATE AUTHORITY</u>

The reopening of this case is governed by the Court's Order Granting Defendants' Motions to Dismiss, ECF No. 112.

Amended pleadings are governed by Fed. R. Civ. P. 15.

The proper joinder of additional parties is governed by Fed. R. Civ. P. 21.

x

## **INTRODUCTION**

This case challenges Defendants' collective failure to protect inmates in Michigan's only women's prison from human-infesting mites for more than three years. Plaintiffs allege that the mites—*Sarcoptes scabiei*, or scabies—flourished in the prison due to each Defendant's decisions and actions which created poor conditions of confinement in which inadequate training of medical staff, significant delays and deferrals in medical care, and improper restraint on medical attention were tolerated and, in fact, accepted as normal. Plaintiffs allege that they suffered serious health problems—including unbearable itching, scarring, and infections— from about 2016 to 2019, and that Defendants each played a part in Plaintiffs' real human suffering. In fact, Plaintiffs allege that Defendants told resident physicians they were not allowed to discuss the rashes caused by scabies, and Defendants maintained a policy, practice, and pattern of allowing inmates to suffer untreated *for years*.

To remedy the Court's concerns expressed in its Order Granting Defendants' Motion to Dismiss, Plaintiffs timely filed an Amended Consolidated Master Class Action Complaint in the above-captioned case. Unfortunately, Plaintiffs inadvertently neglected to first file a motion seeking leave to reopen the case, as directed by the Court. Upon being apprised of this oversight, Plaintiffs immediately attempted to remedy the situation by filing a Motion for Nunc Pro Tunc Order

1

Granting Leave to Reopen Case. Rather than simply respond to that motion, Defendants filed their own, asking for the extraordinary and drastic relief of striking Plaintiffs' amendments. For the ensuing reasons, and in the interest of justice, Plaintiffs respectfully request the Court deny Defendants' Motion to Strike in its entirety.

## BACKGROUND

### I)   FACTUAL BACKGROUND

In 2016, inmates at Women's Huron Valley Correctional Facility ("WHV") began experiencing itchy rashes caused by an outbreak of *Sarcoptes scabiei*, or scabies. (Am. Consol. Compl. ¶¶ 4–5, ECF No. 114.) The rashes resulted in unbearable pain, mental health deterioration, scarring, and additional infections. (*Id.*)

Despite the inmates' widespread complaints and endless suffering, Defendants Corizon, Hutchinson, Bomber, Lacy, Papendick, and Coleman—in conjunction with the MDOC and Wayne State Defendants—refused to exert their control over the facility's medical response to effectively quarantine, disinfect, eradicate, and treat the scabies infestation. (*Id.* ¶ 6.) Rather than turning to the Michigan Department of Community Health's Scabies Prevention and Control Manual, Defendants refused to take standard precautions, chose not to train its employees on effective testing and treatment, and refused to train personnel to control the outbreak. (*Id.* ¶¶ 347–81.) The horrific infestation persisted for more

than three years and impacted prisoners housed in at least eight distinct units. (*Id.* ¶ 10.)

Plaintiffs bring their claims under the Civil Rights Act of 1871, 42 U.S.C. § 1983 ("Section 1983") and the Michigan state common law claim of gross negligence. Yet, Defendants refuse to accept the role that each of them played in perpetuating policies and practices that resulted in the inhumane, dangerous, and unconstitutional conditions endured by inmates locked inside WHV. Instead, Defendants now attempt to prevent Plaintiffs from having their day in court by asking the Court to strike their Amended Consolidated Complaint on procedural grounds. Justice requires otherwise.

## II)   PROCEDURAL BACKGROUND

Plaintiffs Pearson, Sheldon, Garwood, and Smith, on behalf of themselves and all others similarly situated, filed a Consolidated Master Class Action Complaint, consolidating case numbers 2:19-cv-10707 VAR-PTM and 2:19-cv-10771-VAR-EAS, on February 20, 2020. (Consol. Compl., ECF No. 69.) All Defendants responded by filing Motions to Dismiss. The Corizon Defendants argued in relevant part that Plaintiffs did not adequately allege violations of the U.S. Constitution by the Defendants under 42 U.S.C. § 1983.[1] (Defs.' Mot. to Dismiss, ECF No. 80.) The

---

[1] In the *Pearson* matter, the first amended complaint addressed an inadvertent error. (ECF No. 9.) Plaintiffs filed the second amended complaint, (ECF No. 26), in

Corizon Defendants challenged Plaintiffs' satisfaction of the substantive legal elements of the claims, and challenged the sufficiency of Plaintiffs' pleadings under their *Monell* and failure-to-train theories, as well as their allegations against individual Defendants. (*Id.*)

The Court granted Defendants' motions on September 4, 2020. (Order, ECF No. 112.) As to the section 1983 claims, the Court analyzed the sufficiency of Plaintiffs' pleading against each Defendant. (*Id.* at 7 (stating Plaintiffs' complaint "fail[s] to identify any policy, practice or custom by the Corizon Defendants that amounts to deliberate indifference or unconstitutional conduct").) The Court dismissed the claims against applicable Defendants *without* prejudice, (*id.* at 14), and the Court did not enter judgment. So that Plaintiffs would not have to refile and initiate a separate action to address the Court's concern, the Court's Order permits Plaintiffs to instead seek leave to open the case to file an amended complaint by September 25, 2020. (*Id.*)[2]

Plaintiffs timely filed their Amended Consolidated Complaint, addressing the

---

response to the Court's April 22, 2019 Order, (ECF No. 25), allowing Plaintiffs the opportunity to cure the purported pleading defects raised in Defendant Corizon's Motion to Dismiss, (ECF No. 11). The Court then consolidated Case Nos. 2:19-cv-10707 VAR-PTM and 2:19-cv-10771-VAR-EAS and allowed Plaintiffs to file their Consolidated Master Class Action Complaint. (ECF No. 69.)

[2] The Court's Order discusses filing a second amended complaint, but the newly filed complaint is styled as the first amendment to the Consolidated Master Class Action Complaint.

Court's concerns. (Am. Consol. Compl., ECF No. 114.) Plaintiffs, however, did not

first seek leave to reopen the case. As soon as this issue was brought to Plaintiffs'

attention, they filed their Motion for Nunc Pro Tunc Order Granting Leave to

Reopen Case to File an Amended Consolidated Class Action Complaint on

September 30, 2020. (ECF No. 118.) Nonetheless, Defendants still filed this Motion

to Strike Plaintiffs' Second Amended Consolidated Master Class Action Complaint

on October 9, 2020.[3] (ECF No. 121.) All Plaintiffs now respond accordingly.[4]

## **LEGAL ARGUMENT**

I)     **STRIKING PLAINTIFFS' AMENDED CONSOLIDATED COMPLAINT WOULD BE A DRASTIC REMEDY IN RESPONSE TO A PROCEDURAL MISTAKE PLAINTIFFS ARE ALREADY ATTEMPTING TO CORRECT.**

The Corizon Defendants first argue that Plaintiffs' Amended Consolidated

Complaint should be stricken because Plaintiffs did not seek leave under the Court's

September 4, 2020 Order before filing it. (Corizon's Mot. to Strike 2, ECF No. 121.)

---

[3] The Wayne State Defendants filed a response in support of the Corizon Defendants' motion to strike, concurring with the Corizon Defendants' arguments that Plaintiffs' Amended Consolidated Complaint should be stricken because the pleading was filed without leave and because Plaintiffs' amendments were futile. (ECF No. 124.) Plaintiffs disagree for reasons set forth in this response in opposition. To the extent the Wayne State Defendants present additional arguments with respect to the claims against them, these arguments are improperly brought in a response in support and should have been brought in an affirmative motion.

[4] The parties have not yet conferred pursuant to Federal Rule of Civil Procedure 26(f), and the Court has not yet issued a scheduling order. Thus, no deadline to amend the complaint has yet been set.

Defendants' argument completely ignores Plaintiffs' pending Motion for Nunc Pro Tunc Order Granting Leave to Reopen Case to File an Amended Consolidated Class Action Complaint on September 30, 2020, which was promptly corrected on October 8, 2020, and which details how the Amended Complaint addresses the concerns set forth in the Court's order. (ECF No. 116; ECF No. 118.) The fact that Plaintiffs filed the Amended Consolidated Complaint without first requesting to reopen the case was an honest mistake they have since sought to correct. For the reasons set forth in that motion, the Plaintiffs satisfied the Court's requirements, and therefore the Court should reopen the case and allow Plaintiffs to proceed with their Amended Consolidated Complaint. (*See* ECF No. 118.) Defendants are not prejudiced by Plaintiffs' procedural error, as the Amended Consolidated Complaint was timely filed on the record and Defendants still had the opportunity to oppose the reopening of the case by responding to Plaintiffs' motion.

Under these circumstances, striking Plaintiffs' claims in their entirety would be a drastic remedy that would stand in the way of justice. Other courts in the Sixth Circuit have reached similar conclusions, and this Court should similarly hold. *See, e.g., Sazerac Co. v. Hood River Distillers, Inc.*, No. 3:12CV-79-S, 2012 WL 6645730, at *4 (W.D. Ky. Dec. 20, 2012) (denying defendant's motion to strike where "had [plaintiff] sought leave to file a supplemental complaint, the court would likely have granted such leave"); *Spizizen v. Nat'l City Corp.*, No. 09-11713, 2010

WL 419993, at *2 (E.D. Mich. Feb. 1, 2010) (refusing to grant defendants' motion to strike despite plaintiffs' failure to seek leave from the court to file an amended complaint where defendants "have not shown that the amendment to Count II was brought in bad faith or for dilatory purposes, that it would result in undue delay or prejudice to Defendants, or that it would be futile"). This Court should similarly rule here.

## II) DEFENDANTS STYLE THEIR MOTION AS A RULE 12(F) MOTION TO STRIKE, BUT RULE 12(F) IS NOT THE APPROPRIATE PROCEDURAL MECHANISM FOR THE RELIEF CORIZON SEEKS.

Defendants style their motion as a Rule 12(f) motion to strike, and Defendants briefly argue that the Court should strike the Amended Consolidated Class Action Complaint pursuant to Fed. R. Civ. P. 12(f) because of its purported failure "to articulate a viable *Monell* claim." (Corizon's Mot. to Strike 6, ECF No. 121.) Motions to strike under Rule 12(f), however, are disfavored as a "drastic remedy" and should be used sparingly. *Hahn v. Best Recovery Services, LLC*, No. 10-12370, 2010 WL 4483375 (E.D. Mich. Nov. 1, 2010) (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)). !

Moreover, Rule 12(f) is not the appropriate procedural mechanism for the relief Corizon seeks; its arguments are more appropriately addressed in a motion pursuant to Rule 12(b)(6). In contrast, Rule 12(f) permits courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or

scandalous matter . . . ." Fed. R. Civ. P. 12(f). "It is well established that a motion to strike is 'neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint.'" *Herrerra v. Michigan Dep't of Corr.*, No. 5:10-CV-11215, 2011 WL 3862426, at *1 (E.D. Mich. July 22, 2011) (citations omitted) (denying a motion to strike an amended complaint filed after court dismissed original complaint as needing a more definite statement and holding arguments as to the sufficiency of the amended complaint were best left to address on a motion to dismiss). Therefore, the Court should disregard the Corizon Defendants' stray references to Rule 12(f) as inapplicable to the dispute at hand.

## III) PLAINTIFFS' AMENDED CONSOLIDATED COMPLAINT CURES DEFICIENCIES IDENTIFIED BY THE COURT.

In its September 4, 2020 Order, this Court instructed Plaintiffs to "set forth counts and allegations that are specific and which put each Defendant on notice concerning the misconduct alleged against that Defendant, and that demonstrates Plaintiffs' entitlement to relief against that Defendant." (*See* Order, ECF No. 112.) Plaintiffs' Amended Consolidated Complaint responds directly to the Court's call in several ways.

First, Plaintiffs fleshed out the relationships and responsibilities of the Corizon Defendants with respect to Plaintiffs' various allegations by further detailing the role each Defendant played in the scabies outbreak at WHV. (Am. Consol. Compl. ¶¶ 152–238.) This is a conditions of confinement case, and each of

these Defendants played a part in the continued, systematic failure to provide adequate medical testing and treatment to prevent inmates' suffering. In such a case, the problems start at the top with unlawful policies and filter down through the staff in their practices. For example, Plaintiffs alleged that Defendant Bomber was "the state medical director" who knew about the spread of scabies at WHV yet "acquiesced in the denial of adequate medical treatment and at least implicitly approved of grossly inadequate care." (*Id.* ¶¶ 356–58.) Similarly, Defendant Lacy was "responsible for training medical professionals who work at WHV" and "personally saw members of the proposed Classes and had direct knowledge of the nature of the rash" yet "failed to properly train and supervise the medical professionals at WHV." (*Id.* ¶¶ 360–63.)

Second, Plaintiffs added specific allegations related to the unfulfilled obligations of individual Corizon Defendants, many of whom possessed final decision-making authority and were responsible for inadequate training or supervision of WHV doctors. For example, Defendant Hutchinson chose not to implement adequate policies to address a known risk to the health of Plaintiffs and the proposed class, despite knowledge of the crisis as early as 2017. (*Id.* ¶ 329–31.) As Infectious Disease Coordinator, "Defendant Hutchinson would be aware of a medical crisis in a MDOC facility like WHV, and he would be responsible for coordinating a response to such a medical crisis." (*Id.* ¶ 211.) As alleged in the

Amended Consolidated Complaint, Defendant Hutchinson did no such thing. Likewise, Defendant Coleman routinely denied the steroid ointments and creams that doctors prescribed inmates at WHV to lessen their suffering related to scabies, to cut costs "fully aware that Plaintiffs and members of the proposed Classes were suffering from a rash that would not subside." (*Id.* ¶¶ 375–78.)

Third, Plaintiffs detailed each individual Defendant's specific role in depriving Plaintiffs of their Eighth Amendment rights. Taking Defendant Papendick as an example, Plaintiffs alleged that, as Outpatient Utilization Manager of Corizon, Defendant Papendick:

- Was responsible for processing all healthcare requests from Corizon's medical professionals and either approving or denying them. (*Id.* ¶ 366.)
- Routinely deferred requests by treating physicians at WHV, resulting in inmates' inability to see specialists for outside treatment of the rash. (*Id.* ¶ 367–70.)
- Failed to approve all recommendations by outside specialists despite knowledge of failed treatments. (*Id.* ¶ 374.)
- Implicitly authorized, approved, or knowingly acquiesced in the systemwide failure to test, treat, quarantine, and disinfect to prevent and control scabies. (*Id.*)

Fourth, Plaintiffs built on their individual allegations against Corizon Defendants, adding additional allegations against Defendant Corizon, to establish a pattern of unconstitutional behavior and the existence of an unconstitutional policy that permeated Corizon as an institution. In their Amended Consolidated Complaint, Plaintiffs alleged that Defendant Corizon has a "policy, practice, and custom… of

providing only cursory treatment for serious medical needs." (*Id.* ¶ 343.) Additionally, "Defendant Corizon maintains policies, practices, and customs to defer, or fail to treat, requests for outside consultations 90 – 99% of the time." (*Id.* ¶ 348.) And Defendant Corizon "failed to adequately train its employees to diagnose and treat the rash and scabies outbreak," "prevented [its employees] from addressing the serious medical needs of Plaintiffs and the proposed class," maintained a policy of requiring doctors not to discuss rashes with inmates, and delayed and denied care to inmates whose doctors already approved treatment. (*Id.* ¶¶ 349–51, 367–73.)

Plaintiffs used their Amended Consolidated Complaint to weave a more accurate story of the unconstitutional policies established by Corizon Defendant decisionmakers, which then trickled down to other Corizon, Wayne State, and MDOC Defendants, culminating in a pattern of unconstitutional practices on the ground at WHV. The Amended Consolidated Complaint makes clear which Defendants are covered by which causes of action. The Amended Consolidated Complaint establishes and pleads the requisite elements of a claim pursuant to section 1983 as to each Defendant. Taken together, the Amended Consolidated Complaint builds on Plaintiffs' original Complaint to put each Defendant on notice of the part s/he played in creating poor conditions of confinement in violation of the Eighth Amendment to the U.S. Constitution. As alleged, a substantial risk of harm existed, each Defendant knew about the scabies outbreak, each Defendant

11

disregarded the risks, and a causal connection exists. In this way, Plaintiffs addressed all concerns raised by the Court in its September 4, 2020 Order.

Additionally—and importantly—it is not per se impermissible to include reference to Defendants collectively in a complaint, particularly where Plaintiffs have, as here, alleged unconstitutional conditions of confinement. And Plaintiffs' reference to a general "hide the ball" scheme coordinated by the Corizon Defendants should be sufficient to survive a motion to dismiss. *Elhady v. Pew*, 370 F. Supp. 3d 757 (E.D. Mich. 2019) is instructive. In *Elhady*, the plaintiff brought Eighth Amendment claims against Customs and Border Protection officers for decreasing the temperature in his holding cell until he suffered from hypothermia and fell unconscious. *Id.* at 761. Despite the fact that the plaintiff "generally groups [the defendants] together in recounting their supposedly unconstitutional conduct," the court found that his complaint "also specifically alleges that Defendants Bradley, Piraneo, Beckham, Lapsley, Iverson, Kehr, and Rocky (that is, all Defendants except Pew) were 'responsible for Plaintiff's secondary inspection and confinement conditions.'" *Id.* at 767. These allegations were enough to meet the pleading standard established under *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), and "are sufficient to show that those Defendants violated [the plaintiff's] constitutional rights, as they were collectively responsible for the cold conditions of the holding cell." *Id.* The court in *Elhady* even went so far as to note that

the allegations that give rise to the constitutional claim, specifically the decrease of the temperature in the holding cell and ignoring [the plaintiff's] calls for help, occurred outside of the presence of [the plaintiff], and thus it would be impossible for him to know, without the benefit of discovery, the identities of the specific Defendants who took those actions…. Accordingly, the Court finds that the complaint is specific enough as against each Defendant.

*Id.*

As in *Elhady*, the Plaintiffs here alleged violations of their constitutional rights that occurred outside of their presence. Specifically, Plaintiffs Pearson, Sheldon, Garwood, and Smith alleged that they submitted multiple complaints to WHV's healthcare unit, all of which fell on deaf ears. (Am. Consol. Compl. ¶¶ 97, 108, 127, 135–36.) As alleged in the Amended Consolidated Complaint, Corizon's failure to address Plaintiffs' complaints about scabies to WHV's healthcare unit falls squarely on the shoulders of the Corizon Defendants. (*Id.* ¶¶ 335–81.) Even more specifically, Plaintiff Sheldon identifies a doctor who subjected her to skin scrapings and biopsies, then subsequently informed her she was negative for scabies. (*Id.* ¶ 111.) Plaintiff Sheldon alleges the doctor conducted his scrapings incorrectly according to WHV—and thus Corizon—policy, leading to the negative results. (*Id.*)

Notably, Defendants have cited to no case law that prohibits Plaintiffs from referring to Defendants collectively in conjunction with individual allegations where they have collective fault. In fact, the weight of authority allows such collective references. *See Elhady*, 370 F. Supp. 3d at 767; *Pelichet v. Gordon,* No. 18-CV-

13

11385, 2019 WL 4619742, at *18 (E.D. Mich. Sept. 20, 2019); *Phillips v. Roane County*, 534 F.3d 531 (6th Cir. 2008); *Miller v. City of Detroit*, No. 18-13147, 2019 WL 1492081, at *4–5 (E.D. Mich. Apr. 4, 2019); *Muslim Cmty. Ass'n of Ann Arbor & Vicinity v. Pittsfield Charter Twp.*, 947 F. Supp. 2d 752, 760–61 (E.D. Mich. 2013).[5]

Despite all of this, Defendants argue that Plaintiffs' failure to follow the Court's Order justifies striking their Amended Consolidated Complaint. However, Defendants' cite only to *Johnson v. Knox Co.*, ___ F. Supp. 3d___; 2020 U.S. Dist. LEXIS 88828 (E.D. Tenn. May 20, 2020) to support their contention. *Johnson* is inapposite here. Unlike the case at hand, *Johnson* involves a plaintiff who filed an amended complaint adding 27 additional defendants after the court granted leave to file an amendment to remedy particular, agreed-upon deficiencies. *Id.* Those

_____

[5] Even in the context of pleading fraud, which requires a higher pleading standard of particularity under Fed. R. Civ. P. 9(b), collective references to "defendants" in the complaint will not automatically trigger dismissal. *See Atlas Techs., LLC v. Levine*, 268 F. Supp. 3d 950, 964 (E.D. Mich. 2017) (refusing to dismiss fraud complaint for "group pleading"); *JAC Holding Enterprises, Inc. v. Atrium Capital Partners, LLC*, 997 F. Supp. 2d 710, 728 (E.D. Mich. 2014) ("Even with the collective references in the complaint, the pleading attributes specific false statements to identified individual defendants, and therefore the allegations satisfy Rule 9(b)'s specificity requirements."). *See also U.S. ex rel. Allison v. Southwest Orthopaedic Specialists, PLLC*, CIV-16-0569, 2020 WL 5984814, at *7 (W.D. Okla. Oct. 8, 2020) ("Courts may consider whether any pleading deficiencies resulted from the plaintiff's inability to obtain information in the defendant's exclusive control. *Id.* This reflects the principle that Rule 9(b) does not require omniscience; rather, it requires that the circumstances of the fraud be pled with enough specificity to put the defendant on notice as to the nature of the claim.").

deficiencies were agreed to by the parties in advance of the amendment, and thus the court found the plaintiff's amendments adding additional defendants to be "outside the scope" of the court's order granting leave. *Id.* Even so, the court refused to strike the amended complaint because it was "too drastic of a remedy," choosing instead to strike the added defendants who exceeded the scope of the court's order. *Id.* Here, Plaintiffs filed their Amended Consolidated Complaint within 21 days of the Court's September 4, 2020 Order and promptly corrected their procedural error by filing a motion for nunc pro tunc relief. The Defendants that Plaintiffs added are directly related to the facts alleged in their original Complaint and simply reflect Plaintiffs' attempt to paint a clearer picture of the decisionmakers responsible for the identified violations of their constitutional rights. And "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.

## IV) PLAINTIFFS ADDED CORIZON DEFENDANTS HUTCHINSON, LACY, PAPENDICK, AND COLEMAN TO BETTER ADDRESS THE COURT'S CONCERNS, AND RULE 21 DOES NOT PREVENT PLAINTIFFS FROM DOING SO HERE.

Plaintiffs removed allegations against Defendants Howard, Marlan, and Rapelje, and added claims against new Defendants based on further research into the role each individual played in the scabies outbreak. For the Corizon Defendants, these additions included Defendants Hutchinson, Lacy, Papendick, and Coleman. The Sixth Circuit has not yet determined whether Rule 21 or Rule 15 controls the amendment of a pleading where the amendment seeks to add parties to the action.

However, district courts in the Eastern District of Michigan have held that "[t]he more specific terms of Rule 15 addressing amendments govern over the more general provisions of Rule 21." *Peguese v. PNC Bank, N.A.*, 306 F.R.D. 540, 546 (E.D. Mich. 2015). This means that Rule 21 should not be a bar to Plaintiffs' amendments as pled in the Amended Consolidated Complaint. Further, the remedy under Rule 21 is not dismissal of an entire pleading but rather a court order dropping a party or severing a claim. "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. Regardless, it is telling that the Corizon Defendants did not submit that joinder would be improper in this case under the appropriate standard. *See Patrick Collins, Inc. v. John Does 1-21,* 286 F.R.D. 319, 321 (E.D. Mich. 2012) ("Rule 20(a)(2) imposes two specific conditions to join defendants in one action: (1) a right to relief is asserted against them jointly or severally relating to, or arising out of the same transaction or occurrence and (2) that any question of law or fact common to all defendants will arise in the action. Fed.R.Civ.P. 20(a)(2). The permissive joinder rule is to be construed liberally in order to promote trial convenience and to prevent multiple disputes."). Rule 21 does not preclude Plaintiffs from adding additional Defendants in this case.

16

**V)** **PLAINTIFFS' AMENDED CONSOLIDATED COMPLAINT ALSO MEETS THE RULE 15 STANDARD FOR AMENDED PLEADINGS AND SETS FORTH A VALID CLAIM PURSUANT TO 42 U.S.C. § 1983.**

**A)** **Legal Standard**

When a court dismisses a complaint *without prejudice*, a plaintiff is free to refile their claims. *Bomer v. Ribicoff*, 304 F.2d 427, 428 (6th Cir. 1962) ("An action dismissed without prejudice leaves the situation the same as if the suit had never been brought.") This Court, however, issued an order permitting Plaintiffs to timely reopen their case, so long as they "set forth counts and allegations that are specific and which put each Defendant on notice concerning the misconduct alleged against that Defendant, and that demonstrates Plaintiffs' entitlement to relief against that Defendant." (Order, ECF No. 112.) Defendants' motion to strike ignores this standard and implicitly opposes Plaintiffs' amendment under Rule 15 of the Federal Rules of Civil Procedure, which governs amended pleadings in active litigation, through its futility arguments.

Under Rule 15(a)(2), Plaintiffs may amend their pleading with "the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Rule 15 plainly embodies a liberal amendment policy," *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002). District courts have wide discretion when deciding whether to strike an amended complaint. *See Broyles v. Corr. Med. Servs., Inc.*, No. 08-1638, 2009 WL 3154241, at *3 (6th Cir. Jan. 23, 2009).

In contrast to Defendants' characterization of Plaintiffs' Amended Consolidated Complaint, Plaintiffs' proposed amendments are not futile—nor was that standard for reopening established by this Court. "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). However, rather than treat Defendants' Motion to Strike as a motion to dismiss, "[a]t this stage of the litigation, this Court is charged with determining whether the futility of an amendment is so obvious that it should be disallowed." *Bear v. Delaware Cty., Ohio*, No. 2:14-CV-43, 2015 WL 1954451, at *3 (S.D. Ohio Apr. 28, 2015).

### B)   Plaintiffs State a Valid *Monell* Claim Against Defendant Corizon.

Despite the current procedural posture of this case, the Corizon Defendants attempt to throw every argument at the wall to see if one might stick, including arguments under Rule 12(b)(6) that were already made in their previous Motion to Dismiss. However, Defendants cannot prove that Plaintiffs' amendments so obviously fail under *Monell* as to be considered futile under a Rule 15 analysis.

To ultimately succeed on their *Monell* claim, Plaintiffs must set forth "allegations connecting the denial of medical care to Plaintiffs to a specific policy, practice, or custom" maintained by Defendant Corizon. *See* Order 7, ECF No. 112. Under *Monell*, "[a] plaintiff can make a showing of an illegal policy or custom by

demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013).

Plaintiffs' Amended Consolidated Complaint adds copious allegations that, taken together, make valid *Monell* claims against Defendant Corizon under theories (1), (2), (3), and (4). First and foremost, Plaintiffs alleged in their Amended Consolidated Complaint that the Corizon Defendants operated under a custom of tolerance or acquiescence of federal rights violations where inmates could not access adequate medical testing and treatment for scabies (re)infestations, resulting in three years of pain and suffering without relief. (Am. Consol. Compl. ¶¶ 338, 347, 349, 354–55.) Plaintiffs also alleged that MDOC's failure to oversee Corizon "demonstrates the 'hide the ball' relationship between the MDOC and Corizon and the policy, practice, and custom of Corizon of providing only cursory treatment for serious medical needs," a custom that both MDOC and Corizon accepted. (*Id.* ¶ 343.) Further, Plaintiffs alleged that Defendant Corizon has a policy of deferring requests for outside consultations, preventing employees from diagnosing and treating scabies-related rashes, and denying allergy testing and other scabies testing for inmates. (*Id.* ¶¶ 348–54.) Taken together, these allegations indicate that Defendant

Corizon tolerated and acquiesced in the deliberate indifference to serious medical harm that occurred within WHV during the scabies outbreak. In addition, Plaintiffs' Amended Consolidated Complaint describes, in detail, a pattern of similar violations against other inmates. For example, Plaintiffs alleged that "Corizon racked up more than $1.6 million in penalties from MDOC between 2016 and 2018 for failing to meet the level of services specified in its contract with the state." (Am. Consol. Compl. ¶ 341.) Plaintiffs also alleged that MDOC Defendant Washington was "aware of the publicized deficiencies with Corizon's healthcare services for the MDOC. . . including Corizon's failure to test and treat WHV inmates upon notice of complaints of scabies-like symptoms," (*id.* ¶ 296), while MDOC Defendant Sherry "possessed intimate knowledge of the penalties and course corrective plans that Corizon faced related to their operations in Michigan's prisons" and "allowed the scabies infestation to go untreated and unaddressed by Corizon and other healthcare providers for years," (*id.* ¶¶ 326–27).

Plaintiffs further establish viable *Monell* claims under the theory that a policy of inadequate training or supervision existed, that officials with final decision-making authority ratified illegal actions, and that an illegal official policy existed. Throughout their Amended Consolidated Complaint, Plaintiffs attack Corizon's policy, and deliberate decision, to provide inadequate training to its medical providers. (*Id.* ¶¶ 224–25, 349, 361). Plaintiffs' allegations also include copious

20

details about Corizon's illegal official policy of implementing cost-cutting measures at the expense of Plaintiffs' serious medical needs, as well as Corizon decisionmakers' ratification of the illegal withholding of medical care to inmates suffering at WHV. (*Id.* ¶¶ 364, 368, 370–73). The above is sufficient to satisfy *Monell* at the pleadings stage.

Additionally, despite Defendants' assertions otherwise, Plaintiffs do not seek to pin Defendants' liability to a respondeat superior theory—another argument which is outside the scope of the standard set forth by the Court to reopen this case. Again, Plaintiffs' allegations against the individual Defendants focus primarily on each Defendant's own actions and inactions, much of which involved setting the policies and executing the practices that led to the poor conditions at issue in this case. Plaintiffs do not merely claim that Defendants were aware of alleged constitutional violations and failed to take appropriate action. Rather, Plaintiffs claim that each Defendant either encouraged the specific incident of misconduct or in some other way directly participated in it, thereby implicitly authorizing, approving, or knowingly acquiescing in the unconstitutional behavior and creating a pattern of unconstitutional behavior. (*See* Plfs.' Resp. to Defs.' Mot. to Dismiss at 5–8, ECF No. 94); *see also Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009); *Cook v. Martin*, 148 F. App'x 327, 339 (6th Cir. 2005); *Taylor v. Michigan Dep't of Corr.*, 69 F.3d 76, 81 (6th Cir.

1995); *August v. Mich. Dep't of Corr.*, No. 2:16-CV-11224, 2018 WL 4679597, at *11 (E.D. Mich. Sept. 29, 2018).

The individual actions and failures of the high-level decisionmakers at Corizon, including the individual Corizon Defendants named in this case, can and do support Plaintiffs' *Monell* and failure to train theories under section 1983 without relying on respondeat superior. Instead, their actions support Plaintiffs' assertion that a clear pattern, policy, or custom existed at Corizon of violating Plaintiffs' and the class members' constitutional rights by ignoring inmates' complaints of obvious and serious medical issues, delaying necessary medical care, providing grossly inadequate medical care, and failing to adequately train medical personnel to properly detect and treat the conditions at issue.

The futility of Plaintiffs' amendments is not so obvious that they should be disallowed at the amendment stage, thereby counseling in favor of denying Defendants' Motion to Strike.

### C)   Plaintiffs State Valid Section 1983 Claims Against the Individual Corizon Defendants.

Finally, Defendants' arguments regarding a doctor's medical judgment falling beyond the scope of section 1983, (Defs.' Mot. to Strike at 6–7, ECF No. 121)— arguments they did not even make in their latest motion to dismiss—are more appropriately handled at the motion to dismiss stage and not through a procedural motion like the pending Motion to Strike. That said, Plaintiffs take issue with far

more than their doctors' medical judgment here. In fact, Plaintiffs alleged that the Corizon Defendants interfered with their doctors' ability to test and treat for scabies effectively and adequately. (Am. Consol. Compl. ¶¶ 348–54.) Additionally, the facts Plaintiffs alleged in their Amended Consolidated Complaint go far beyond the facts alleged in the cases Defendants cite and satisfy both the objective and subjective prongs of the "deliberate indifference" test for a constitutional claim for denial of medical care. *See Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 896 (6th Cir. 2004).

For example, in *Vinson v. Michigan Department of Corrections*, "the record reveals Dr. Miles's extensive efforts to identify the cause of Vinson's pain and to provide relief." 788 F. App'x 312, 316 (6th Cir. 2019). Plaintiffs here maintain that the record simply will not reflect the Corizon Defendants' "extensive efforts" to do anything other than obfuscate the true cause of the scabies rashes at WHV. Further, the other case Defendants cite to support their argument, *Blackmore*, 390 F.3d at 901, actually supports Plaintiffs' position in this case. In *Blackmore*, the plaintiff began to complain of stomach pain in prison, received antacids by non-medical prison officials, vomited, was placed in an observation cell, and did not receive any medical attention for more than fifty hours. *Id.* at 896. The Sixth Circuit reversed the district court's finding of summary judgment for the defendants,  holding that the plaintiff "presents sufficient evidence from which a jury can infer that his obvious need for medical care was 'sufficiently serious' and that the Officers had a

'sufficiently culpable state of mind'" to establish liability under section 1983. *Id.* at 900. Here, Plaintiffs complained about debilitating itching, open sores, and mental distress for more than *three* years without receiving more than proverbial antacids from the Corizon Defendants for relief.  The emphasis of the claims against Corizon is on the delay and denial of medical care.

Plaintiffs' amendment is not futile, it is actionable, and it should be permitted to proceed.

## CONCLUSION

For the reasons provided herein, the Court should deny the Corizon Defendants' Motion to Strike Amended Complaint and permit the Plaintiffs to move forward with their Amended Consolidated Complaint.

Dated: October 23, 2020             Respectfully submitted,

/s/Nicole J. Schladt
**NICHOLS KASTER, PLLP**
Matthew H. Morgan (MN 304657)
Rebekah L. Bailey (MN 0389599)
Nicole J. Schladt (MN0400234)
80 South Eighth Street, Ste. 4700
Minneapolis, MN 55402
P: (612) 256-3200
F: (612) 338-4878
morgan@nka.com

**EXCOLO LAW, PLLC**
Solomon M. Radner (P73653)
26700 Lahser Road, Suite 401
Southfield, MI  48033
P: (866) 939-2656
sradner@excololaw.com

**MARKO LAW, PLLC**
Jonathan R. Marko (P72450)
1300 Broadway Street, Suite 500
Detroit, MI  48326
P: (313) 777-7LAW
jon@markolaw.com

**PITT MCGEHEE PALMER & RIVERS PC**
Cary S. McGehee (P42318)
Beth M. Rivers (P33614)
Channing Robinson-Holmes (P81698)
117 W. 4th Street, Suite 200
Royal Oak, MI  48067
P: (248) 398-9800
cmcgehee@pittlawpc.com

**LAW OFFICES OF DAVID STEINGOLD, PLLC**
David S. Steingold (P29752)
Samantha M. Baker (P83674)
500 Griswold St, Ste 2320
Detroit, MI  48226
P: (313) 962-0000
detroitdefender@yahoo.com

***Attorneys for Plaintiffs Pearson, Sheldon, and Garwood, and the Putative Classes***

**LAW OFFICE OF DANIEL RANDAZZO**
Daniel Randazzo (P39935)
2731 South Adams Rd., Ste. 100
Rochester Hills, MI 48309
(248) 853-1003
Attyrandaz@aol.com

***Attorneys for Plaintiff Smith***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **October 23, 2020**, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the following counsel of record at the identified email addresses:

| | |
|---|---|
| Cori E. Barkman | barkmanc@michigan.gov, marshm3@michigan.gov, toddw1@michigan.gov |
| Cullen B. McKinney | Elaine.Moore@tnmglaw.com, Renee.Elwell@tnmglaw.com |
| Daniel Randazzo | attyrandaz@aol.com, randazzolaw@yahoo.com, ryanpdobson@gmail.com |
| John L. Thurber | thurberj@michigan.gov, davist27@michigan.gov, lindemanj2@michigan.gov, schuellerT@michigan.gov |
| Kevin S. Ernst | kevin@ecllawfirm.com, ali@ecllawfirm.com, sekneh@ecllawfirm.com |
| Kristie Ann Sparks | sparksdiakowk@michigan.gov, marshm3@michigan.gov, toddw1@michigan.gov |
| Kristin M. Heyse | heysek@michigan.gov, lindemanj2@michigan.gov, schuellert@michigan.gov |
| Michael R. Dean | deanm2@michigan.gov, MarshM3@michigan.gov, |

|  | toddw1@michigan.gov |
|---|---|
| Ronald W. Chapman | rchapman@chapmanlawgroup.com,<br>esmith@chapmanlawgroup.com,<br>mkairis@chapmanlawgroup.com,<br>sfrazier@chapmanlawgroup.com |
| Scott A. Mertens | mertenss@michigan.gov,<br>marshm3@michigan.gov,<br>toddw1@michigan.gov |
| Tracy E. Van den Bergh | vandenberght@michigan.gov,<br>Mertinsp@michigan.gov |
| Trevor J. Zamborsky | Trevor.Zamborsky@tnmglaw.com |
| Wedad Suleiman | wsuleiman@chapmanlawgroup.com,<br>esmith@chapmanlawgroup.com,<br>mkairis@chapmanlawgroup.com,<br>sfrazier@chapmanlawgroup.com |
| Zachary Austin Zurek | zurekz1@michigan.gov,<br>marshm3@michigan.gov,<br>toddw1@michigan.gov |

Dated: October 23, 2020                    /s/Nicole J. Schladt
                                           Nicole J. Schladt