UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MACHELLE PEARSON, MARIA
SHELDON, and RACHELL
GARWOOD, on behalf of themselves
and others similarly situated,

        Plaintiffs,

v.

        Case No. 19-10707
        District Judge Victoria A. Roberts

MICHIGAN DEPARTMENT OF
CORRECTIONS, *et al*.

        Defendants.

-AND-

REBECCA SMITH, on behalf of
herself and others similarly situated,

        Plaintiffs,

v.

        Case No. 19-10771
        District Judge Victoria A. Roberts

CORIZON HEALTH, INC., *et al*

        Defendants.

_____/

**ORDER: [1] GRANTING PLAINTIFFS' MOTION FOR ORDER GRANTING LEAVE TO REOPEN CASE TO FILE AMENDED COMPLAINT [ECF No. 118] and [2] DENYING DEFENDANTS' MOTIONS TO STRIKE [ECF No. 119 and 121]**

1

## I.    INTRODUCTION

Machelle Pearson ("Pearson"), Maria Sheldon ("Sheldon"), and Rachel Garwood ("Garwood") (collectively, "Plaintiffs") are either current or former inmates at the Women's Huron Valley Correctional Facility ("WHV"). They filed this civil rights class action under 42 U.S.C. § 1983.

Plaintiffs challenge what they describe as inhumane, dangerous, and unconstitutional conditions endured by women incarcerated at WHV. These conditions, they allege, led to an outbreak of *Sarcoptes scabiei* ("scabies") which caused several women to become infected and left many more exposed. Plaintiffs say that despite their grievances, Defendants failed to provide access to adequate medical care and resources to properly examine, test, and treat the women, which allowed the infestation to spread. Plaintiffs' claimed damages include unbearable itching, pain, scarring, infections and mental anguish.

Corizon Health Inc. ("Corizon"), Dr. Jeffrey Bomber ("Bomber"), Wayne State University ("WSU"), Dr. James Blessman ("Blessman), Dr. Carmen McIntyre ("McIntyre"), the Michigan Department of Corrections ("MDOC") and its employees ("MDOC Employee Defendants") filed Motions to Dismiss. On September 4, 2020, the Court granted the motion. [ECF No. 112].

Then, the Court found that Wayne State and the MDOC had Eleventh Amendment immunity and dismissed the claims against them with prejudice. However, the Court dismissed the claims against individual WSU Defendants and Corizon Defendants without prejudice. The Court also dismissed Plaintiffs' complaint against the MDOC Employee Defendants without prejudice because it failed to put MDOC Employee Defendants on notice of the nature of the specific claims against them. In doing so, the Court permitted Plaintiffs to "seek leave to reopen this case to file a second amended complaint that complies with this Order within 21 days of entry of this Order." The Court also instructed Plaintiffs that if they refile, they must "set forth counts and allegations that are specific and which put each Defendant on notice concerning the misconduct alleged against that Defendant, and that demonstrates Plaintiffs' entitlement to relief against that Defendant."

On September 25, 2020, Plaintiffs filed an amended complaint. It named additional defendants and added specific allegations, but Plaintiffs neglected to seek leave to reopen the case to file the complaint. [ECF No. 114]. Five days later, after defense counsel pointed out Plaintiffs' omission, Plaintiffs filed their motion for a nunc pro tunc order for leave to reopen the case to file an amended complaint. [ECF No. 116]. The Court struck that

motion and Plaintiffs filed a corrected motion for nunc pro tunc order on October 8, 2020. [ECF No. 118]. Plaintiffs say that they failed to seek leave before filing their amended complaint due to an "unfortunate oversight" in their reading of the Court's September 4, 2020 Order.

In October 2020, Defendants MDOC, Shawn Brewer, Heidi Washington, Corizon, Russell Marlan, Kenneth Mckee, Lloyd Rapelje, Lia Gulick, Marti Kay Sherry, David Johnson, Karri Osterhout, Jeremy Howard, McIntyre, Blessman, and Bomber (collectively, "MDOC Defendants") filed a motion to strike Plaintiffs' amended complaint. [ECF No. 119]. On the following day Defendants Corizon Health Inc, Craig Hutchinson, Jeffrey Bomber, Robert Lacy, Keith Papendick and Rickey Coleman (collectively, "Corizon Defendants") (MDOC and Corizon Defendants Collectively, "Defendants") filed a similar motion to strike Plaintiffs' amended complaint. [ECF No. 121]. All Defendants oppose Plaintiff's nunc pro tunc request. [ECF No. 122 and 123].

## II.   DISCUSSION

### A. The Court Grants Plaintiffs' Motion for Leave

Plaintiffs seek leave to reopen their case and file an amended complaint, arguing: (1) their failure to seek leave was merely a technical

4

oversight which a nunc pro tunc order is designed to remedy; (2) Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend should be "freely granted" when justice so requires; and (3) their amended complaint cured the deficiencies identified in the Court's September 4 Order by providing additional details which place each defendant on notice concerning the misconduct alleged against that Defendant.

Defendants argue that because Plaintiffs failed to seek leave *before* the Court's deadline expired, they must demonstrate both good cause and excusable neglect before the Court can grant leave to reopen the case. They say Plaintiffs failed to do so.

The Court has broad discretion to manage its calendar and affairs. Under Federal Rule of Civil Procedure 6(b), the Court may accept a late filing if a party's delay was the result of "excusable neglect." *See* Fed. R. Civ. P 6(b)(B). In determining excusable neglect the Court balances five factors: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)).

Despite the Plaintiffs' procedural defect, the Court accepts their amended complaint. The *Nafziger* factors weigh in their factor. The Court granted Plaintiffs permission to file an amendment in its September 4 Order. Plaintiffs timely filed an amended complaint – they just failed to seek leave. Plaintiffs' delay had absolutely no effect on judicial proceedings. Additionally, accepting Plaintiffs' amended complaint does not prejudice Defendants because it will "do no harm to the [Defendants] except require[e] [them] to prove their case." *Lacey v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000) (quoting *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960)).

In considering the meaning of 'excusable neglect', the Supreme Court stated that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer* 507 U.S. at 392. Contrary to Defendants' suggestion, excusable neglect under Rule 6(b) "is not limited strictly to omissions caused by the circumstances beyond the control of the movant." *Id*. The concept of "excusable neglect" is an elastic one, meaning the trial court should use the term as applied to the specific facts of each case and should reach an equitable result. *Id*. at 389.

6

Finally, although the delay was within the reasonable control of Plaintiffs' counsel, there is nothing to suggest that they acted in bad faith.

The most equitable result here is for this Court to allow the Plaintiffs' motion. It does so.

### B. The Court Denies Defendants' Motions to Strike

Defendants asks the Court to strike Plaintiffs' amended complaint pursuant to Federal Rule of Civil Procedure 15 because it would not survive a 12(b)(6) motion to dismiss and would be futile. They bill their motions as Rule 12(f) motions to strike but improperly rely on Rule 15, which addresses amended and supplemental pleadings. The Court evaluates motions to strike under Fed. R. Civ. P 12(f).

Rule 12(f) states that "the court may strike from a pleading…any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P 12(f). Courts generally disfavor motions to strike and infrequently grant them. *Operating Engineers Loc. 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015). A "motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *Brown & Williamson Tobacco Corp. v. U.S.*, 201 f.2D 819, 822 (6th Cir. 1953). Defendants fail to meet this high burden.

### 1. The Amended Complaint Satisfies Rule 8

The notice pleading requirement of Fed. R. Civ. P. 8(a)(2) requires Plaintiffs to put Defendants on notice of the nature of the specific claims against them.

Defendants say that Plaintiffs' amended complaint makes general and vague complaints against all Defendants. The Court reviewed the amended complaint. Plaintiffs sufficiently satisfy Rule 8 by making clear statements as to how they believe each Defendant committed gross negligence and/or violated the Eighth and Fourteenth Amendments. Plaintiffs set forth a sufficient factual basis with respect to each individual Defendant.

### 2. High Level Officials Argument

Defendants argue that Plaintiffs' allegations against certain high level MDOC Employees — under a *respondeat superior* theory of liability — is not cognizable under 42 U.S.C. § 1983. These defendants are: Director Washington, Deputy Director McKee, Assistant Deputy Director Bush, Deputy Director Gulick, Physical Plant Division Administrator Vallad, and Defendant Moore. Thus, they say, it would be futile for the Court to grant Plaintiffs leave to amend.

The Court reviewed the amended complaint and finds that Plaintiffs allege personal knowledge or the failure to act or take corrective measures to prevent the spread of mold at WHV, and the existence of a custom of tolerance or acquiescence of federal rights violations. *See Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing the standard for municipal liability). Accordingly, the amended complaint pleads the requisite elements of a claim under § 1983 against these defendants.

### III.   CONCLUSION

The Court **GRANTS** Plaintiffs' Motion for Leave and **DENIES** Defendants' Motions to Strike.

**ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  March 31, 2021