UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MACHELLE PEARSON, MARIA
SHELDON, and RACHELL
GARWOOD, on behalf of themselves
and others similarly situated,

        Plaintiffs,

v.	Case No. 19-10707
	District Judge Victoria A. Roberts

MICHIGAN DEPARTMENT OF
CORRECTIONS, *et al*.

        Defendants.

-AND-

REBECCA SMITH, on behalf of
herself and others similarly situated,

        Plaintiffs,

v.	Case No. 19-10771
	District Judge Victoria A. Roberts

CORIZON HEALTH, INC., *et al*

        Defendants.

_____/

## ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS [ECF Nos. 134, 137 and 159]

1

## I. INTRODUCTION

Machelle Pearson ("Pearson"), Maria Sheldon, Rachel Garwood, Rebecca Smith, and other similarly situated women (collectively, "Plaintiffs") are either current or former inmates at the Women's Huron Valley Correctional Facility ("WHV"). They filed this civil rights class action under 42 U.S.C. § 1983.

Plaintiffs challenge what they describe as inhumane, dangerous, and unconstitutional conditions endured by female inmates at WHV. These conditions, they allege, led to an outbreak of *Sarcoptes scabiei* ("scabies"); where several women became infected; many others were exposed. Plaintiffs say that despite their grievances, Defendants failed to provide access to adequate medical care and resources to properly examine, test, and treat the women, which allowed the infestation to spread. Plaintiffs' claimed damages include unbearable itching, pain, scarring, infections and mental anguish.

On March 31, 2021, the Court granted Plaintiffs' Motion for Nunc Pro Tunc Order, giving them leave to reopen the case and to file Plaintiffs' Amended Consolidated Master Class Action Complaint. [ECF 131]. In three separate filings, Defendants Jeffrey Bomber, Rickey Coleman, Craig

Hutchinson, Robert Lacy, Keith Papendick, James Blessman, and Carmen McIntyre (collectively, "Defendants") filed motions to dismiss challenging the sufficiency of the pleadings under Fed. R. Civ. P. 12(b)(6). [ECF Nos. 134, 137 and 159].

Broadly, Defendants request that the Court dismiss the claims against them in their official capacities because they are duplicative of claims brought against the MDOC and Corizon Health, Inc. Secondly, Defendants argue that Plaintiffs failed to state a viable *Monell* claim. Finally, Defendants McIntrye and Blessman claim that Plaintiffs' Amended Consolidated Master Class Action Complaint alleges a deficient medical claim. The Court disagrees.

The Court **DENIES** Defendants' motions to dismiss.

II.   BACKGROUND

Plaintiffs and the putative classes are current and former inmates of WHV located in Washtenaw County, Michigan. The facility is the only women's prison in the State of Michigan and houses more than 2,000 women at any given time. Plaintiffs describe WHV as overcrowded, filthy and a breeding ground for communicable diseases and pests.

In November 2016, inmates at WHV began to complain to guards, nurses, and doctors about developing rashes. The rashes began in the

Gladwin unit and spread to at least eight of WHV's fifteen units by March of 2018. The rashes caused red bumps to appear on the inner thighs, buttocks, arms, backs, and chests of those afflicted, and caused pain from itching.

Dermatologists tested the women in February and March of 2018. It was not until December of 2018 – nearly ten months after WHV's first tests – when Defendants discovered the Scabies outbreak. Scabies is an infestation of tiny mites called *Sarcoptes scabiei*. They burrow and lay eggs in human skin. *see* https://www.webmd.com/skin-problemsand-treatments/ss/slideshow-scabies-overview. The rash can appear as small red bumps, welts or scaly lesions that can transform into scales, blisters, and bleeding. Scabies is contagious and typically spreads through skin-to-skin contact. It may also transmit through shared personal items such as bedding, clothes, furniture or towels. Scabies infestations often lead to incessant itching which may cause open sores, secondary bacterial infections, and/or secondary infestations of microorganisms.

Plaintiffs allege that from 2016-2019 multiple women complained about the symptoms, but their requests for treatment largely were ignored by prison staff.

Plaintiffs say that testing in the spring of 2018 which did not disclose Scabies resulted from Defendants' failure to train their health officials on or properly execute Michigan's Department of Community Health, Scabies Prevention and Control Manual or other applicable scabies protocols. Plaintiffs say they were denied appropriate medical attention and Corizon and MDOC staff failed to adequately address the infestation.

### III. DISCUSSION

Federal Rule of Civil Procedure 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing Twombly, 550 U.S. at 556). This standard does not "impose a probability requirement at the pleading stage; it simply calls for

enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

Defendants seek dismissal under Rule 12(b)(6). Such dismissal is warranted "only if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims that would entitle him or her to relief." *Zaluski v. United Am. Healthcare Corp.*, 527 F.3d 564, 570 (6th Cir. 2008).

Because a motion to dismiss challenges the sufficiency of the pleadings, "[i]t is not the function of the court [in ruling on such a motion] to weigh evidence." *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). Rather, to determine whether the plaintiff set forth a "plausible" claim, the Court "must construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation"; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

**A. Jeffrey Bomber's Motion to Dismiss. [ECF No. 134]**

Jeffrey Bomber served as Corizon State Medical's acting director. In this capacity, Bomber oversaw all of Corizon's health care professionals in the MDOC.

Plaintiffs' amended complaint alleges Bomber violated the Eighth and Fourteenth Amendments by acting with deliberate indifference towards Plaintiffs' medical concerns. Plaintiffs sue Bomber in both his individual and official capacities.

Bomber says the court should dismiss Plaintiffs' claims against him in his individual capacity because there are no allegations that Bomber did anything outside the scope of his official duties. Bomber says Plaintiffs' official capacity claims against him are duplicative of their claims against Corizon and should be dismissed as well.

Plaintiffs respond with two arguments. They argue first that the Court, in its March 31, 2021 order, already ruled that Plaintiffs sufficiently alleged claims against Bomber in his individual capacity – and the Court should not reconsider this issue. Secondly, they say Rule 8, permits parties to set out two or more statements of a claim or defense – alternatively or hypothetically – either in a single count or defense or in separate ones. Fed. R. Civ. P. 8(d). They add that Bomber should be held publicly

accountable and that Plaintiffs' claims against him in his official capacity do not prejudice Bomber.

Plaintiffs engaged in a Rule 8 analysis for a Rule 12(b)(6) motion. A complaint can be sufficient under Rule 8, and still be subject to dismissal under Rule 12(b)(6) for failure to state a claim. Rule 8 requires that the pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." On the other hand, Rule 12(b)(6) tests the plaintiff's cause of action as stated in the complaint. *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010). Accordingly, the Court assesses whether Plaintiffs' claims are plausible on their face.

Plaintiffs' allegations are sufficient to survive Defendants' 12(b)(6) Motion. Plaintiffs allege that Bomber as "a chief policymaker" with Corizon was aware of the scabies outbreak and "chose not to implement adequate policies to address a known risk to the health off [sic] Plaintiffs." [ECF No. 14, PageID. 1418–20]. They also allege that, "despite his knowledge of the serious health risks to Plaintiffs, [Bomber] failed to take remedial action, such as authorizing necessary medical treatment, and, instead, acted with deliberate indifference to Plaintiffs' health." [ECF 154 Pg 4]. These specific allegations plausibly support Plaintiffs' claim that Bomber did more than play a passive role in the alleged violations or show mere tacit approval of

8

scabies-related actions. *See Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006).

While Bomber asks the Court to dismiss the official capacity claims against him, the allegations against Bomber — in fact — support this § 1983 action against Corizon. Corizon performs a traditional state function. As the Sixth Circuit explains in *Winkler v. Madison Cty*, private medical professionals who provide health care services to inmates at county jails qualify as government officials acting under the color of state law for the purposes of § 1983. 893 F.3d 877, 890 (6th Cir. 2018).

While they may be redundant, official capacity suits generally "represent only another way of pleading an action against an entity of which an officer is an agent." *Everson v. Leis*, 556 F.3d 484, 493–94 n. 3 (6th Cir.2009). As long as the government entity – or an organization like Corizon standing in its shoes – receives notice and opportunity to respond, official capacity suits such as this will be treated as suits against the agency acting under the color of law for purposes of § 1983. *Briner v. City of Ontario,* 370 Fed.Appx. 682, 699 (6th Cir.2010); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

However, dismissal of redundant claims is not required. *Kunkle v. Strickland*, No. 1:09 CV 1760, 2009 WL 10714757, at *5 (N.D. Ohio Dec. 10, 2009); *see also Malibu Media, LLC v. Redacted*, 705 F. App'x 402, 405 (6th Cir. 2017) (citing Fed. R. Civ. P. 12(f) "The court *may* strike from a pleading ... any redundant ... matter.") (emphasis added); *Fink v. Richmond*, No. DKC 2007-0714, 405 F. App'x 719 (4th Cir. 2010) (noting that suing individuals in their official capacity is "permissible" but redundant).

Although redundant, the Court allows the claims against Bomber to proceed in both his individual and official capacities. *Chase v. City of Portsmouth*, 428 F. Supp. 2d 487, 489 (E.D. Va. 2006). While Bomber was not an elected official like the defendants in *Portsmouth*, he was the director of the largest medical service provider to incarcerated women in the state of Michigan. Where "alleged violations of a plaintiffs' rights occurred because of specific individuals," permitting suit against individuals in their official capacities provides "a certain level of public accountability." *Chase v. City of Portsmouth*, 428 F. Supp. 2d 487, 489–90 (E.D. Va. 2006).

Bomber's motion to dismiss is **DENIED**.

## B. Papendick, Coleman, Lacy and Hutchinson's Motion to Dismiss. [ECF No. 137]

Papendick, Coleman, Lacy and Hutchinson's motion contains, almost word for word, the same statement of facts, legal standard, question presented and legal argument as Bomber's Motion to Dismiss.

Papendick was the Outpatient Utilization Manager for Corizon. Coleman was Acting Chief Medical Officer as well as the Inpatient Utilization Manager for Corizon. Lacy acted as Regional Medical Director at WHV and Hutchinson was the Infectious Disease Coordinator / Director for the MDOC.

Applying the analysis the Court used to deny Bomber's motion, the Court finds that Plaintiffs allege sufficient facts to survive these Defendants' 12(b)(6) motion.

The Court **DENIES** their motion.

## C. McIntyre and Blessman's Motion to Dismiss. [ECF No. 159]

McIntyre and Blessman's ask the Court to dismiss the claims against them in their official capacities.

Blessman is the Assistant Chief Medical Officer for MDOC; McIntyre is its Chief Medical Officer. Through a contract between WSU and MDOC,

11

these doctors work with Corizon to implement policies, analyze health care data, and identify areas of improvement for MDOC.

McIntyre and Blessman say the allegations against them arise from actions they engaged in in their official capacities as Chief Medical Officer and Assistant Chief Medical Officer for the MDOC. They say that these allegations are redundant and duplicative of claims against the MDOC.

But, on September 4, 2020, the Court granted MDOC's motion to dismiss based on eleventh amendment immunity. [ECF No. 112]. There are no claims against the MDOC and Plaintiffs do not allege official capacity claims against McIntyre and Blessman that are "redundant and duplicative." Plaintiffs are permitted to proceed with these official capacity claims.

Finally, McIntyre and Blessman argue that Plaintiffs' claims against them implicate medical decision making. They say, these claims are functionally medical malpractice claims and Plaintiffs fail to meet the procedural and statutory requirements for medical malpractice claims.

To the contrary, Plaintiffs make allegations of deliberate indifference against these Defendants.

"[A] prisoner's Eighth Amendment right is violated when prison doctors or officials are deliberately indifferent to the prisoner's serious

12

medical needs*." Johnson v. Sices*, No. 20-1440, 2020 WL 6580033, at *2 (6th Cir. Sept. 30, 2020). Plaintiffs do allege a plausible set of facts which, if proven true, could entitle them to relief. Plaintiffs allege for example, that "Blessman failed to implement any adequate policies to assist in the diagnosis and treatment of the rash despite his knowledge of its widespread nature and severity." [ECF 114 PageID 1428 ¶392]. Plaintiffs allege that McIntyre was "deliberately indifferent to the health and safety of WHV inmates" by "failing to give standing orders authorizing nurses to administer and/or provide treatment, labs, or medications for the rashes and scabies, thereby preventing nurses from providing timely access to medication and treatment." [ECF 114 PageID 1427 ¶ 387]. These two quotes exemplify the level of specificity of Plaintiffs' deliberate indifference claims.

There is no basis to dismiss Plaintiffs' claims against McIntyre and Blessman. The Court **DENIES** their Motion to Dismiss.

## IV.　CONCLUSION

The Court **DENIES** Defendants' Motions to Dismiss. [ECF Nos. 134, 137 and 159]. Plaintiffs are permitted to engage in discovery.

**ORDERED**.

s/ Victroria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: July 21, 2021