UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MACHELLE PEARSON, et al.,

                Plaintiffs,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

                Defendants.

_____/

REBECCA SMITH,

                Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

                Defendants.

_____/

Case No. 2:19-cv-10707

HONORABLE STEPHEN J. MURPHY, III

Case No. 2:19-cv-10771

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER DENYING
MDOC DEFENDANTS' MOTION FOR
JUDGMENT ON THE PLEADINGS [230], DENYING
WAYNE STATE DEFENDANTS' MOTION FOR JUDGMENT
ON THE PLEADINGS [235], AND AMENDING THE CASE CAPTION**

Plaintiffs Machelle Pearson, Maria Sheldon, Keshuna Abcumby, Rebecca

Smith, and Rachell Garwood, on behalf of themselves and similarly situated

individuals, sued three categories of Defendants: (1) the Michigan Department of

Corrections' (MDOC) employees or former employees Heidi Washington, Kenneth

McKee, Jeremy Bush, Lia Gulick, Marti Kay Sherry, Shawn Brewer, David Johnson,

1

Karri Ousterhout, and Kristina Fisher (MDOC Defendants); (2) Corizon Health (Corizon) and former Corizon doctors Jeffrey Bomber, Robert Lacy, Rickey Coleman, Keith Papendick, and Craig Hutchinson (Corizon Defendants); and (3) Wayne State University's doctors Carmen McIntyre and James Blessman (Wayne State Defendants). Plaintiffs alleged violations of the Eighth and Fourteenth Amendments under 42 U.S.C. § 1983 and gross negligence under Michigan law. *See* ECF 114.[1]

Plaintiffs are or were incarcerated at the Huron Valley Correctional Facility for Women (WHV) and alleged that they were "regularly denied access to adequate medical and mental health care, hygienic conditions, and movement." *Id.* at 1355. As a result, Plaintiffs claimed that they were exposed to scabies that caused "horrendous, unbearable itching pain, which in turn, impacted the inflicted's mental health and led to scarring and additional infections." *Id.* at 1355–56. Plaintiffs alleged that MDOC operated WHV and employed individuals who irresponsibly handled the scabies outbreak—the MDOC Defendants. *See id.* at 1378. MDOC contracted with Defendant Corizon and Wayne State University to provide healthcare services for WHV. *See id.* at 1379, 1387, 1390.

MDOC Defendants moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) and alleged that Plaintiffs failed to state a claim under the Eighth Amendment or for gross negligence or injunctive relief and that MDOC Defendants are entitled to qualified immunity as to the constitutional claims. ECF

---

[1] The operative complaint is the Amended Consolidated Master Class Action Complained filed on September 25, 2020. ECF 114.

230. Wayne State Defendants filed a nearly identical motion and alleged the same bases for dismissal and qualified immunity. ECF 235. The parties briefed the motions and the Court held a hearing. For the reasons explained below, the Court will deny the motions.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides, "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) generally follows the same rules as a motion to dismiss the complaint under Rule 12(b)(6). *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 480 (6th Cir. 2020). The Court must apply the same standards that govern Rule 12(b) motions to dismiss. *Id.*

The Court will grant a motion to dismiss under Rule 12(b)(6)—or under Rule 12(c)—if the complaint fails to allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). The Court views the complaint in the light most favorable to the plaintiff, presumes the truth of all well-pleaded factual assertions, and draws every reasonable inference in the nonmoving party's favor. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). But the Court will not presume the truth of legal conclusions in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If "a cause of action fails as a matter of law, regardless

3

of whether the plaintiff's factual allegations are true or not," then the Court must dismiss the complaint. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

In a Rule 12(b)(6) motion, courts "consider the [c]omplaint and any exhibits attached thereto . . . [and] items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett*, 528 F.3d at 430 (citation omitted); *see also Decoration Design Sols., Inc. v. Amcor Rigid Plastics USA, Inc.*, 553 F. Supp. 3d 424, 427 (E.D. Mich. 2021) (Murphy, J.).

## DISCUSSION

First, Plaintiffs alleged facts that, if true, support injunctive relief. Next, Plaintiffs sufficiently pleaded facts to support their Eighth Amendment deliberate indifference claim. Relatedly, Defendants are not entitled to qualified immunity because the rights at issue were clearly established and the complaint pleaded facts that plausibly show that Defendants violated those clearly established rights. Last, Plaintiffs sufficiently pleaded facts in support of the gross negligence claim. As explained below, the Court will not dismiss Plaintiffs' claims at this stage.

I.    Injunctive Relief

Plaintiffs requested injunctive relief to stop the alleged unconstitutional conduct related to the treatment and spread of scabies at the WHV. ECF 114, PgID 1432. MDOC Defendants argued that the Court should dismiss the claim because "there is no ongoing violation." ECF 230, PgID 3681. Plaintiffs' complaint, however,

4

alleged that there are "ongoing violations" and that MDOC Defendants "continue to cause Plaintiffs and the proposed Classes" injuries. ECF 114, PgID 1438–39. That dispute is one of fact. Discovery has been stayed for years, so the Court cannot determine whether there are ongoing violations. The Court understands Defendants' concern that the complaint is several years old and may not contain updated information, but the Court must accept the allegations in the complaint as true. *See Bassett*, 528 F.3d at 430. Defendants' reliance on *Hanrahan v. Mohr*, 905 F.3d 947, 960 (6th Cir. 2018) is misplaced. There, the court dismissed the injunctive relief claim as moot because undisputed evidence showed that the defendants ceased the allegedly unconstitutional conduct. *Id.* at 960. Here, Plaintiffs maintain that Defendants continue to violate Plaintiffs' and putative class members' rights. *See* ECF 238, PgID 3801. And undisputed evidence does not show otherwise. Accepting the allegations in the complaint as true, as the Court must, the Court may not dismiss the injunctive relief claim.

II.   Eighth Amendment Claims

The Eighth Amendment prohibits cruel and unusual punishments. U.S. Const. amend. VIII. The prohibition requires that "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Rhodes v. Michigan*, 10 F.4th 665, 673 (6th Cir. 2021) (quotation marks and quotation omitted). "When the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and

5

general wellbeing." *Helling v. McKinney*, 509 U.S. 25, 32 (1993) (citation omitted). "The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones, and . . . the treatment [an incarcerated person] receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Rhodes*, 10 F.4th at 673 (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)) (quotation marks and citations omitted). "[N]ot every harm or injury suffered in prison rises to the level of cruel and unusual punishment; only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Id.* (quotation marks and quotation omitted).

There are three common factual scenarios for deliberate indifference claims under the Eighth Amendment: excessive force, conditions of confinement, and medical needs. *Villegas v. Metropolitan Gov. of Nashville*, 709 F.3d 563, 569 (6th Cir. 2013). Each Eighth Amendment deliberate indifference claim has both an objective and subjective component. *Id.* To satisfy the objective prong, Plaintiffs must show that they were "incarcerated under conditions posing a substantial risk of serious harm" and "the deprivation alleged must be, objectively, sufficiently serious." *Farmer*, 511 U.S. at 834 (cleaned up). When it considers the objective component, the Court must "assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency" and "is not one that today's society chooses to tolerate." *Helling*, 509 U.S. at 36.

To satisfy the subjective prong, Plaintiffs must show that each Defendant had "a sufficiently culpable state of mind." *Villegas*, 709 F.3d at 575 (quotation marks and

quotation omitted). Defendants "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [they] must also draw the inference." *Farmer*, 511 U.S. at 837. "Direct evidence about a defendant's knowledge is not necessary." *Villegas*, 709 F.3d at 569 (citation omitted). Knowledge "can be inferred from the obviousness of the harm stemming from the risk." *Id*. (citation omitted). Defendants can be liable if they disregarded a substantial risk of serious harm "by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 848.

### A. Medical Needs

Plaintiffs alleged that Defendants were deliberately indifferent to their medical need for scabies treatment. To prevail, Plaintiffs were required to demonstrate evidence that they had serious medical needs, which would satisfy the objective component of their medical-needs deliberate indifference claim. *Villegas*, 709 F.3d at 570. A "serious medical need" is either "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id*. (quoting *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008)).

Here, Plaintiffs pleaded facts that demonstrated that the rash from the scabies presented an objectively serious medical need. Indeed, the "rashes the women developed caused red bumps to appear on the inner thighs, buttocks, arms, backs, and chests of those afflicted, and caused unbearable pain from itching." ECF 114, PgID 1365. To this day, some of the women allegedly have scars from the rash itself

and from the scratching to relieve the itching. *Id.* at 1366. Based on the claimed severity of the rash, a lay person would have recognized the need for medical intervention. *See Villegas*, 709 F.3d at 570. And eventually, a medical physician did diagnose the condition as scabies and prescribed medication that was necessary to treat it. ECF 114, PgID 1368; *see Villegas*, 709 F.3d at 570. Plaintiffs thus satisfied both definitions of a "serious medical need" and therefore adequately pleaded the objective component of the medical-needs Eighth Amendment claim.

Plaintiffs also sufficiently pleaded facts that suggested Defendants knew about the scabies and failed to take proper measures to treat the outbreak. *Id.* at 1371–78. Knowledge "can be inferred from the obviousness of the harm stemming from the risk." *Villegas*, 709 F.3d at 569 (citation omitted). Here, the harm from the scabies outbreak was obvious. Plaintiffs complained about their rashes—which were clearly visible—for years and begged prison officers and physicians for treatment. *See* ECF 114, PgID 1371–78. Allegedly, Defendants "did not provide cream to all women exhibiting symptoms, [so] untreated women had to beg those lucky enough to receive the creams to share." *Id.* at 1367. If Defendants provided medicated cream to some women, but not all of them as alleged, Defendants were deliberately indifferent to the untreated women's medical needs.

Defendants argued that they were not responsible for providing medical treatment to the prisoners and therefore "cannot be held liable for medical treatment decisions." ECF 230, PgID 3685. True, MDOC Defendants were not doctors and Wayne State Defendants were doctors with only supervisory roles. But the argument

misses the crux of Plaintiffs' allegations. The complaint alleged that each individual Defendant could be liable for failing to provide prescriptions, for ignoring requests for medical treatment, or for failing to implement quarantine or other health protocols. *See* ECF 114, PgID 1378–1414 (describing the responsibilities and failures of each Defendant). Defendants relied on a case that stated that correctional officers could not be held liable for relying on medical judgments of medical personnel. *See* ECF 230, PgID 3685 (citing *McGraw v. Sevier Cnty., Tennessee*, 715 F. App'x 495, 497 (6th Cir. 2019)). That statement is true. But the case is inapposite here because Plaintiffs did not simply claim that Defendants relied on medical opinions of doctors, which turned out to be incorrect. Rather, Plaintiffs alleged that Defendants interfered with medical diagnoses, failed to administer proscribed creams, and perpetuated the spread of the rash. And Defendants can be liable if they disregarded a substantial risk of serious harm "by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 848. Defendants' argument therefore fails.

The allegations in the complaint, taken as true, are enough to support a medical-needs claim under the Eighth Amendment. The Court will therefore deny the motions for judgment on the pleadings as to the medical-needs deliberate indifference claim under the Eighth Amendment.

### B. Conditions of Confinement

Plaintiffs maintained that they alleged two bases for their Eighth Amendment deliberate indifference claim: medical-needs and conditions-of-confinement. ECF 238, PgID 3784 ("[I]n addition to their medical-needs claim, Plaintiffs have further

pleaded a separate Eighth Amendment claim based on WHV's unsanitary and unsafe conditions of confinement"). Defendants argued at the hearing that Plaintiffs' response brief was the first time they were aware that Plaintiffs were proceeding on a conditions-of-confinement theory of liability. And in their reply briefs, Defendants argued that Plaintiffs failed to plead a conditions-of-confinement claim. ECF 284, PgID 3904.

Federal Rule of Civil Procedure 8(a)(2) requires Plaintiffs to include "a short and plain statement of the claim showing that the pleader is entitled to relief. The Rule thereby requires Plaintiffs to "provide the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Lee v. Ohio Educ. Ass'n*, 951 F.3d 386, 392–93 (6th Cir. 2020) (quotation marks and quotation omitted). In the complaint, Plaintiffs must "connect specific facts or events with the various causes of action she asserted." *Id.* at 392 (quotation marks and quotation omitted). Additionally, the Sixth Circuit held that Federal Rule of Civil Procedure 10(b) requires a plaintiff "to separate each of her causes of action or claims for relief into separate counts." *Id.* at 393. To succeed on a conditions-of-confinement claim under the Eighth Amendment, Plaintiffs must prove that Defendants were aware of a substantial risk of serious harm to Plaintiffs' health and consciously disregarded that risk. *See Farmer*, 511 U.S. at 848.

Here, Plaintiffs adequately pleaded a conditions-of-confinement claim under the Eighth Amendment. Throughout the complaint, Plaintiffs described that the bunkrooms were overcrowded "and the conditions at WHV [were] filthy and

dangerous, providing a breeding ground for communicable diseases and pests." ECF 114, PgID 1362. The complaint detailed how, after medical personnel determined they had scabies, some Plaintiffs were moved to cells without disinfected bedding or living spaces, which contributed to the spread of the infestation. *See, e.g.*, *id.* at 1374. At least one Plaintiff who did not yet have scabies was placed in a cell with a bunkmate who had been suffering from scabies for months. *Id.* at 1374–75. The complaint alleged that, despite submitting countless requests for medical help and making numerous complaints to prison officials about the infestation and associated rash, Plaintiffs did not receive clean bedding, clean clothes, or new bunkrooms. *Id.* at 1371–78. In short, Plaintiffs alleged that Defendants ignored the scabies outbreak. *See id.* Plaintiffs also alleged that Defendants failed to enact the scabies treatment and prevention protocols adopted by the Michigan Department of Community Health. *Id.* at 1369. Under Count I, which alleged the Eighth and Fourteenth Amendment violations, Plaintiffs stated that Defendants' "policies, practices, and customs violate[d] Plaintiffs' . . . right to be free from unconstitutional unhygienic and dangerous conditions." *Id.* at 1438.

Plaintiffs pleaded more than enough facts and included sufficient "short and plain" statements to put Defendants on notice of their conditions-of-confinement claim. And viewing the facts in the light most favorable to Plaintiffs, the Court finds that Plaintiffs adequately alleged the claim.

III.   <u>Qualified Immunity</u>

Qualified immunity "is an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis omitted). Qualified immunity applies when "conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). After a defending official initially raises qualified immunity, the plaintiff bears the burden of showing that the official is not entitled to qualified immunity. *Burgess v. Fischer*, 735 F.3d 462, 472 (6th Cir. 2013).

To meet the burden, Plaintiff must demonstrate that "every reasonable official would have understood that what he is doing violates that right." *Mullenix,* 577 U.S. at 11 (quotation marks and quotation omitted). "We do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al–Kidd,* 563 U.S. 731, 741 (2011). Courts should not "define clearly established law at a high level of generality." *Id.* at 742. The dispositive question is "whether the violative nature of *particular* conduct is clearly established." *Mullenix*, 577 U.S. at 12 (quotation omitted) (emphasis in original).

In sum, whether Government actors have violated a clearly established constitutional right requires the Court to consider: (1) whether a violation of a constitutional right occurred and (2) whether that right was clearly established at the time of the violation. *Baynes v. Cleland*, 799 F.3d 600, 609–10 (6th Cir. 2015). The steps may be considered in either order, so "[i]f the court concludes that no

constitutional violation has occurred, there is no need to address whether the alleged right was clearly established." *Kinlin v. Kline*, 749 F.3d 573, 577 (6th Cir. 2014). "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Crawford v. Tilley*, 15 F.4th 752, 760 (6th Cir. 2021) (citation omitted).

Plaintiffs argued that the question of qualified immunity was premature. ECF 238, PgID 3788. But, as the Court explained in its prior order, the Court must consider qualified immunity at the earliest stage in litigation "so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings." *See* ECF 229, PgID 3661 (quoting *Crawford-El v. Britton*, 523 U.S. 574, 597–98 (1998)). The Court will therefore determine whether MDOC and Wayne State Defendants are entitled to qualified immunity.

### A. Clearly Established Right

"[A] defendant cannot be deliberately indifferent to a right that is not clearly established." *Bailey v. Washington*, No. 19-13442, 2023 WL 5511181, *4 (E.D. Mich. Aug. 25, 2023) (quotation marks omitted). Defendants argued that "[i]t is not clearly established that scabies is sufficiently serious to satisfy the objective component of an Eighth Amendment claim." ECF 230, PgID 3693. Because there is no published, binding Sixth Circuit or Supreme Court case that held that scabies is a serious medical condition for Eighth Amendment purposes, Defendants claimed they are entitled to qualified immunity. *See id*. Moreover, Defendants argued that even if

13

scabies is sufficiently serious, "[i]t is not clearly established that a serious scabies infestation requires any specific response by prison officials." ECF 230, PgID 3697. Plaintiffs, on the other hand, couched the issue as whether "Plaintiffs' rights to medical care and to safe and sanitary conditions are clearly established" and identified binding case law that clearly establishes the right. ECF 238, PgID 3789. Whether to grant qualified immunity therefore turns on how the right at issue is defined.

The Supreme Court warned that courts should not "define clearly established law at a high level of generality." *al–Kidd,* 563 U.S. at 742. But at the same time, the Court need not identify a case with identical facts. *See id.* at 741. Adopting Defendants' definition of the right would contravene the Sixth Circuit's Eighth Amendment jurisprudence, which warns against defining the right too narrowly. *See Rhodes*, 10 F.4th at 680. Indeed, adopting Defendants' "approach would evidence a rigid, overreliance on factual similarity in analyzing the 'clearly established' prong of the qualified immunity standard." *Id.* at 680 (cleaned up).

The Sixth Circuit tackled a similar issue defining the Eighth Amendment deliberate indifference right for the clearly established inquiry in *LeMarbe v. Wisneski*, 266 F.3d 429 (6th Cir. 2001).  In that case, the plaintiff sued prison officials and alleged that they were deliberately indifferent in violation of the Eighth Amendment to various complications arising after a surgery to remove the plaintiff's gallbladder. *Id.* at 432. The Sixth Circuit determined that it was clearly established that a doctor's failure to provide medical treatment for a serious medical condition

14

that the doctor is aware of—regardless of the specific medical condition—constituted an Eighth Amendment violation. *Id.* at 440. The court "did not define the right more specifically by, for example, referring to the particular nature of the plaintiff's medical complications." *Rhodes*, 10 F.4th at 680.

Similarly here, it is clearly established that Plaintiffs had an "Eighth Amendment right to be free from the denial or delay of adequate treatment for serious medical needs" and "for prison officials to diligently carry out the prescribed treatment plan." *Murray v. Dep't of Corrections*, 29 F.4th 779, 790 (6th Cir. 2022). Plaintiffs did not need to prove that the right to scabies treatment was clearly established because that right would be too specific. Rather, the right to scabies treatment is encompassed by the clearly established right to treatment for a serious medical need. And as described above, scabies and the associated rash clearly constituted a "serious medical need" under the test set out in *Villegas*. *See* 709 F.3d at 570. In other words, "every reasonable official would have understood that" denying Plaintiffs medical treatment for scabies violated their Eighth Amendment rights. *See Mullenix,* 577 U.S. at 11.

Because Plaintiffs' complaint properly pleaded facts that suggest Defendants violated Plaintiffs' clearly established right under the Eighth Amendment, the Court will not grant Defendants qualified immunity.

IV.    <u>Gross Negligence</u>

MDOC Defendants argued they are entitled to dismissal of the gross negligence claim for three reasons.[2] First, MDOC Defendants argued that Michigan law does not allow complaints that simultaneously allege intentional torts and negligence. ECF 230, PgID 3701. Second, they alleged that gross negligence "is not a cause of action under Michigan law." ECF 230, PgID 3699. Third, MDOC Defendants posited that they are immune from negligence liability because Plaintiffs failed to plausibly allege that MDOC Defendants' conduct was the "the proximate cause" of Plaintiffs' injuries as required by the Government Tort Liability Act (GTLA). ECF 230, PgID 3703. The Court will address each argument in turn.

A. *Simultaneous Deliberate Indifference and Gross Negligence Claims*

As a preliminary matter, MDOC Defendants' argument that Plaintiffs cannot simultaneously allege gross negligence and an intentional tort based on the same underlying facts fails. An Eighth Amendment deliberate indifference claim is not an intentional tort. *See Rhodes*, 10 F.4th at 675; *Farmer*, 511 U.S. at 835–36. Rather, deliberate indifference requires that Defendants acted with recklessness, not with

---

[2] Wayne State Defendants made the same arguments, but the Amended Complaint did not allege gross negligence against Wayne State Defendants. *See* ECF 114, PgID 1440. Instead, the Amended Complaint only alleged gross negligence against "MDOC and WHV Defendants," which include all individual Defendants that the Court collectively refers to as MDOC Defendants in this Order. *Id.*

the purpose of causing harm. *See id.* Plaintiffs therefore can allege an Eighth Amendment deliberate indifference claim and negligence based on the same facts.

### B. Gross Negligence is not a Cause of Action in Michigan

MDOC Defendants are correct that "[g]ross negligence is not an independent cause of action in Michigan." *In re Flint Water Cases*, 384 F. Supp. 3d 802, 871. The Governmental Tort Liability Act (GTLA) is a Michigan law that confers governmental immunity from tort liability to government actors "unless their conduct amounted to gross negligence that was the proximate cause of a plaintiff's injuries." *Id.*; Mich. Comp. Laws § 691.1407(2). But the GTLA did not create a cause of action for gross negligence. Plaintiffs "must still plead the common law elements of ordinary negligence." *In re Flint Water Cases*, 384 F. Supp. 3d at 872 (citation omitted). At that point, Defendants may raise the GTLA as a defense to ordinary negligence. Plaintiffs therefore improperly pleaded gross negligence as an independent claim.

Nevertheless, the Court will construe the "gross" negligence claim as a claim for ordinary negligence because Plaintiffs alleged the common law elements of ordinary negligence. *See* ECF 114, PgID 1440–42; *Lippett v. Adray*, No. 18-cv-11175, 2023 WL 3774508, at *4 (E.D. Mich. June 2, 2023) (denying motion for judgment on the pleadings as to gross negligence claim because the plaintiff plausibly alleged elements of ordinary negligence). And the Court will not strike the claim because Plaintiffs alleged negligence and "further argued that Defendants' conduct was so grossly negligent that they are not entitled to State-law immunity." *Lippett*, 2023 WL 3774508, at *4 (cleaned up).

### C. *Plaintiffs Sufficiently Pleaded Proximate Causation*

MDOC Defendants argued that if the Court allowed Plaintiffs to pursue the negligence claim, the Court should still grant the motion for judgment on the pleadings because MDOC Defendants are immune from liability under the GTLA. ECF 230, PgID 3703. Specifically, Defendants argued they were not the "proximate cause" of Plaintiffs' scabies injuries. *Id.* To hold MDOC Defendants liable, Plaintiffs needed to sufficiently allege that Defendants were *the proximate cause* of Plaintiffs' injuries. Mich. Comp. Laws § 691.1407(2)(c) (emphasis added). The Michigan Supreme Court explained that "the proximate cause" under § 691.1407(2)(c) "means the one most immediate, efficient, and direct cause preceding an injury, not 'a proximate cause.'" *Robinson v. City of Detroit*, 462 Mich. 439, 459 (2000). And the Sixth Circuit agreed with the Michigan Supreme Court's strict textual interpretation. *Hyman v. Lewis*, 27 F.4th 1233, 1238 (6th Cir. 2022) ("conduct that is merely *a* proximate cause rather than *the* proximate cause of the injury under § 691.1407(2)(c) is not sufficient") (relying on *Robinson*, 462 Mich. at 459).

MDOC Defendants argued that the amended complaint did not plead that the "MDOC Defendants were more responsible for the failure to properly diagnose scabies than the medical professionals." ECF 130, PgID 3703. But the Michigan Supreme Court clarified in *Ray v. Swager*, 501 Mich. 52 (2017), that the proximate cause analysis "requires a determination of whether it was foreseeable that the defendant's conduct could result in harm to the victim." In other words, "'the proximate cause' is not determined by weighing factual causes." *Id.* at 65. The Court "must assess

foreseeability and the legal responsibility of the relevant actors to determine whether the conduct of a government actor, or some other person, was 'the proximate cause'" of Plaintiffs' injuries. *Id.* at 59.

Some of Plaintiff's allegations regarding MDOC Defendants' role in the scabies outbreak and harm were conclusory. Plaintiffs alleged that MDOC Defendants' "actions were the ones most immediate, efficient, and direct cause of Plaintiffs' injuries." ECF 114, PgID 1441. Plaintiffs similarly concluded that MDOC Defendants were "the direct and proximate" cause of Plaintiffs' injuries. *Id.* at 1441–42. The Court will set aside these allegations, as it must, because they were "formulaic recitation[s] of the elements" of negligence. *See Ashcroft*, 556 U.S. at 678 (citation omitted).

But even setting aside the conclusory allegations, Plaintiffs sufficiently alleged plausible claims of negligence against each MDOC Defendant. Indeed, Plaintiffs alleged facts that plausibly suggested that each MDOC Defendant owed Plaintiffs a duty, breached that duty, and caused Plaintiffs' injuries. *See Chivas v. Koehler*, 182 Mich. App. 467, 475(Mich. Ct. App. March 5, 1990) (listing elements of negligence). As to proximate causation, Plaintiffs alleged facts that suggest that any or all of the MDOC Defendants were "the one most immediate, efficient, and direct cause" of the scabies injuries. *Robinson*, 462 Mich. at 459. Defendants cannot claim that no one is liable for Plaintiffs' injuries because there are too many individuals who were potentially responsible. That is exactly why discovery is necessary and why dismissal at this stage is inappropriate.

In sum, because Defendants' three arguments for dismissing the gross negligence claim fail and because Plaintiffs alleged facts to sufficiently support the claim against the MDOC Defendants, the Court will not dismiss the claim.

## AMEND THE CASE CAPTION

As a final matter, the Court notes that the complexity of the case—with many amended pleadings, additional parties, and motions—resulted in understandable confusion as to the parties and claims that remain. The parties agreed in a joint status report that the Amended Consolidated Master Class Action Complaint, ECF 114, is the operative complaint. ECF 225, PgID 3483. And the parties' recent motion practice listed Defendants consistent with the Defendants named in the Amended Complaint. *Compare* ECF 230 *with* ECF 114. The Court will therefore order the Clerk of the Court to amend the case caption to reflect the parties named in the Amended Complaint. There are five defendants listed on the docket that are not parties to the case: Michigan Department of Corrections, Russell Marlan, Lloyd Rapelje, Jeremy Howard, and Wayne State University. The Clerk of the Court must remove these individuals and entities from the case to reflect the controlling complaint.

## DISCOVERY STAY

The Court's omnibus order from February 5, 2024 extended the discovery stay the earlier of ninety days or the conclusion of the bankruptcy proceedings. ECF 229, PgID 3663. The ninety-day deadline expired on May 6, 2024. The Court will deny as moot MDOC and Wayne State Defendants' joint motion to stay discovery pending resolution of the motions for judgment on the pleadings. ECF 250. And the Court will

extend the discovery stay pending resolution of the Corizon Defendants' motion to stay. ECF 251.

## CONCLUSION

In sum, Plaintiffs maintain viable Eighth Amendment deliberate indifference claims based on medical needs and conditions-of-confinement against all Defendants. Plaintiffs also have viable gross negligence claims against MDOC Defendants. Finally, Plaintiffs may proceed on their request for injunctive relief.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the motions for judgment on the pleadings [230, 235] are **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court must **AMEND** the case caption and **REMOVE** Defendants Michigan Department of Corrections, Russell Marlan, Lloyd Rapelje, Jeremy Howard, and Wayne State University from the caption.

**IT IS FURTHER ORDERED** that the joint motion to stay [250] is **DENIED AS MOOT**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: May 13, 2024